IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01156-MSK-KLM

DAVID L. SMITH, and
M. JULIA HOOK,

    Plaintiffs,

v.

United States of America,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiffs' **Motion for a Preliminary Injunction and/or Other Equitable Relief, and Request for an Evidentiary Hearing** [Docket No. 12; Filed July 19, 2013] (the "Motion for Injunction") and on Plaintiffs' **Motion for a Temporary Restraining Order** [Docket No. 13; Filed July 19, 2013] (the "Motion for TRO") (collectively, the "Motions"). Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1C., the Motions have been referred to this Court [#16, #17].

    Plaintiffs, who proceed in this matter *pro se*,[1] seek "the recovery of internal-revenue taxes erroneously or illegally assessed or collected, and penalties collected without

---

[1] The Court is mindful that it must construe the filings of *pro se* litigants liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be a *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [a *pro se* litigant's] complaint or construct a legal theory on [her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

authority, and sums that are excessive or were collected in a wrongful manner under internal-revenue laws . . . and to quiet title to real and personal property." *Compl.* [#1] at 1-2. They seek as relief: (1) "[a] credit and/or refund of almost $1,000,000 ($964,500 by [Plaintiffs'] calculation) for payment/overpayment of taxes, penalties and interest for tax years 1992-1996 and 2001-1006;" (2) "[a]batement of penalties and interest for tax years 1992-1996 and 2001-2006;" (3) "[t]he actual, direct economic damages sustained by [Plaintiffs'] which, but for the failure or refusal of the United States to release the federal tax liens, would not have been sustained, plus the costs of the action;" (4) "[t]he release of all federal tax liens;" (5) "[t]he return of all levied/seized property;" (6) "[t]he release of the continuing levy on [Plaintiff David L.] Smith's Social Security payments in effect since 2007;" (7) "[a]n order quieting title to all real and personal property owned by [Plaintiffs];" (8) "[i]nterest, costs and reasonable attorneys' fees and expenses as provided by law;" and (9) "[s]uch other and further legal and equitable relief as may be just under the circumstances." *Id.* at 15-16.

Fed. R. Civ. P. 65(a) and (b) govern preliminary injunctions and temporary restraining orders. "Where the opposing party has notice, the procedure and standards for issuance of a temporary restraining order mirror those for a preliminary injunction." *Emmis Commc'ns Corp. v. Media Strategies, Inc.*, No. 00-WY-2507CB, 2001 WL 111229, at *2 (D. Colo. Jan. 23, 2001) (citing 11A Charles Alan Wright, et al., *Federal Practice and Procedure* § 2951 (2d ed. 1995)). Here, Defendant has entered an appearance and filed a Motion to Dismiss [#9] in response to the Complaint [#1], and therefore has notice of the Motion for TRO [#13]. Preliminary review of the Motion for TRO [#13] does not reveal any issue of such urgency that the Court should act before Defendant is given an opportunity

to respond.  Thus, the Court will analyze both the Motion for TRO [#13] and the Motion for Injunction [#12] under the standards for issuance of a preliminary injunction and, consequently, the Court will permit full written briefing on both of the Motions.  Accordingly,

IT IS HEREBY **ORDERED** that the parties shall submit briefing on the Motions [#12, #13] in accordance with D.C.COLO.LCivR 7.1C.

Dated:  July 26, 2013                     BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge