IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01156-MSK-KLM

DAVID L. SMITH, and
M. JULIA HOOK,

     Plaintiffs,

v.

UNITED STATES OF AMERICA,

     Defendant.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on Plaintiffs' **Motion for a Preliminary Injunction and/or Other Equitable Relief, and Request for an Evidentiary Hearing** [Docket No. 12; Filed July 19, 2013] (the "Motion for Injunction") and on Plaintiffs' **Motion for a Temporary Restraining Order** [Docket No. 13; Filed July 19, 2013] (the "Motion for TRO") (collectively, the "Motions"). On August 6, 2013, Defendant filed a Response [#20] in opposition to the Motions. On August 11, 2013, Plaintiffs filed a Reply [#22]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1C., the Motions have been referred to this Court [#16, #17].

     Plaintiffs, who proceed in this matter *pro se*,[1] seek "the recovery of internal-revenue

---

[1]    Generally, the Court must construe the filings of a *pro se* litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, Plaintiffs in this matter are attorneys: Plaintiff David L. Smith in the State of Texas and Plaintiff M. Julia Hook in the State of Colorado. *See, e.g., Motion for Injunction* [#12] at 4. The Court has previously held that a plaintiff's "status as a licensed attorney reduces the deference to

taxes erroneously or illegally assessed or collected, and penalties collected without authority, and sums that are excessive or were collected in a wrongful manner under internal-revenue laws . . . and to quiet title to real and personal property." *Compl.* [#1] at 1-2. They seek as relief: (1) "[a] credit and/or refund of almost $1,000,000 ($964,500 by [Plaintiffs'] calculation) for payment/overpayment of taxes, penalties and interest for tax years 1992-1996 and 2001-1006;" (2) "[a]batement of penalties and interest for tax years 1992-1996 and 2001-2006;" (3) "[t]he actual, direct economic damages sustained by [Plaintiffs'] which, but for the failure or refusal of the United States to release the federal tax liens, would not have been sustained, plus the costs of the action;" (4) "[t]he release of all federal tax liens;" (5) "[t]he return of all levied/seized property;" (6) "[t]he release of the continuing levy on [Plaintiff David L.] Smith's Social Security payments in effect since 2007;" (7) "[a]n order quieting title to all real and personal property owned by [Plaintiffs];" (8) "[i]nterest, costs and reasonable attorneys' fees and expenses as provided by law;" and (9) "[s]uch other and further legal and equitable relief as may be just under the circumstances." *Id.* at 15-16.

Fed. R. Civ. P. 65(a) and (b) govern preliminary injunctions and temporary

---

which he is entitled as a *pro se* litigant." *Baldwin v. United States*, No. 11-cv-02033-MSK-KLM, 2012 WL 7051296, at *1 n.1 (citing *Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001)). Indeed, other courts have drawn a distinction between *pro se* attorneys and other *pro se* parties. *See, e.g., Andrews v. Columbia Gas Transmission Corp.*, 544 F.3d 618, 633 (6th Cir. 2008) (finding district court did not abuse its discretion by denying special consideration to *pro se* practicing attorneys); *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 82 n.4 (2d Cir. 2001) ("*pro se* attorneys such as [plaintiff] typically cannot claim the special consideration which the courts customarily grant to *pro se* parties."); *Godlove v. Bamberger, Foreman, Oswald, and Hahn*, 903 F.2d 1145, 1148 (7th Cir. 1990) ("Ordinarily, we treat the efforts of *pro se* applicants gently, but a *pro se* lawyer is entitled to no special consideration."); *Harbulak v. Suffolk Cnty.*, 654 F.2d 194, 198 (2d Cir. 1981) (finding that *pro se* attorney was not entitled to special consideration because plaintiff was a "practicing lawyer who had the means and the knowledge, or at least the ability to obtain the knowledge, to recognize" whether his claims were reasonable).

restraining orders. "Where the opposing party has notice, the procedure and standards for issuance of a temporary restraining order mirror those for a preliminary injunction." *Emmis Commc'ns Corp. v. Media Strategies, Inc.*, No. 00-WY-2507CB, 2001 WL 111229, at *2 (D. Colo. Jan. 23, 2001) (citing 11A Charles Alan Wright, et al., *Federal Practice and Procedure* § 2951 (2d ed. 1995)). A preliminary injunction is an extraordinary remedy that should only be granted when the moving party clearly and unequivocally demonstrates its necessity. *See Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). In the Tenth Circuit, a party requesting injunctive relief must clearly establish that: (1) the party will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits. *Id.*

It is well established that "[b]ecause a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (citations omitted). Moreover,

> [b]ecause the limited purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held, we have identified the following three types of specifically disfavored preliminary injunctions . . . (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that [he] could recover at the conclusion of a full trial on the merits.

*Schrier*, 427 F.3d at 1258-59 (citations omitted). These disfavored injunctions are "more closely scrutinized to assure that the exigencies of the case support the granting of a

remedy that is extraordinary even in the normal course." *Id.* at 1259.

"To constitute irreparable harm, an injury must be certain, great, actual 'and not theoretical.'" *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (quoting *Wis. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985)). Irreparable harm is more than "merely serious or substantial" harm. *Id.* (citation omitted). The party seeking the preliminary injunction "must show that 'the injury complained of is of such imminence that there is a clear and present need for equitable relief' to prevent irreparable harm." *Id.* (citation omitted). Therefore, to demonstrate irreparable harm, Plaintiff "must establish both that harm will occur, and that, when it does, such harm will be irreparable." *Vega v. Wiley*, 259 Fed. App'x 104, 106 (10th Cir. 2007). Finally, an injunction is only appropriate "to prevent existing or presently threatened injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *Connecticut v. Massachusetts*, 282 U.S. 660, 674 (1931).

Here, Plaintiffs merely provide conclusory statements regarding irreparable harm in their filings. *See, e.g.*, *Motion* [#12] at 2 ("that there is the threat of irreparable harm to Plaintiffs if the preliminary injunction and/or other equitable relief are not granted"); *Motion* [#13] at 3 ("These documents demonstrate . . . that there is the threat of irreparable harm to Plaintiffs if the temporary restraining order is not granted . . . ."); *see generally Pls.' Unsworn Decl. Under Penalty of Perjury* [#14] (attaching exhibits). Plaintiffs' Motions and supporting documents fail to specify the precise, non-theoretical harm that an injunction will prevent. In its Response, Defendant explicitly raises the issue of Plaintiffs' failure to identify irreparable harm. [#20] at 4. However, Plaintiffs' Reply again merely conclusorily states that their documents demonstrate "a *prima facie* showing of the four elements for granting

a preliminary injunction and/or a temporary restraining order under Fed. R. Civ. P. 65." [#22] at 2.

there is no indication in the record that Plaintiffs may suffer imminent or other harm such that the status quo of the parties should be altered.  *See Bray v. QFA Royalties LLC*, 486 F. Supp. 2d 1237, 1241 (D. Colo. 2007) ("The purpose of a preliminary injunction is to preserve the relative positions of the parties until a trial on the merits can be held.") (citing *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981)).  The vast majority, if not all, of the injuries Plaintiffs assert are not presently threatened injuries, but rather constitute past injuries, such as Plaintiffs' complaints about the IRS having collected more money from Plaintiffs than was actually owed.  *See Connecticut*, 282 U.S. at 674.  To the extent that Plaintiffs may be claiming financial hardship, "mere financial hardship does not establish irreparable harm."  *Hughes v. United States*, 953 F.2d 531, 536 (9th Cir. 1992).

Plaintiffs simply fail to show with any specificity how they will be irreparably harmed in the absence of the requested injunctive relief.  *See Schrier*, 427 F.3d at 1267 (stating that "an injury must be certain, great, actual and not theoretical" to constitute irreparable harm for the purpose of imposing a preliminary injunction (citation omitted)).  Given that there is no evidentiary support for Plaintiffs' broad, conclusory allegations other than their self-serving statements, they have failed to establish that irreparable injury is imminent. A preliminary injunction is an "extraordinary remedy", and, therefore, "the right to relief must be clear and unequivocal."  *Nova Health Sys. v. Edmondson*, 460 F.3d 1295, (10th Cir. 2006) (internal quotation marks omitted) (quoting *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir. 1991)).  In the absence of a clear and unequivocal showing, the

Court finds that Plaintiffs' Motions should be denied.[2]  *See Sampson v. Murray*, 415 U.S. 61, 91-92 (1974) (inferring that the failure to show irreparable injury is a sufficient ground, by itself, to deny injunctive relief); *Dominion Video Satellite, Inc.*, 356 F.3d at 1260 (noting that without irreparable harm, injunctive relief is not available).

Finally, because Plaintiffs have failed to articulate any irreparable harm to which they may be subject, a hearing is not necessary for the parties to provide evidence on whether such harm actually exists.  *See Shaw v. AAA Eng'g & Drafting, Inc.*, 213 F.3d 538, 545 (10th Cir. 2000) (stating that the trial court did not abuse its discretion by not conducting a hearing where there were only legal, not evidentiary, issues to resolve in the pending motion).

Accordingly,

IT IS HEREBY **RECOMMENDED** that the Motions [#12, #13] be **DENIED**.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review

---

[2]  Having made this conclusion, the Court need not address the parties' other arguments regarding the relief sought by Plaintiffs.

by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  September 19, 2013

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge