**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

Civil Action No. 13-cv-01156-MSK-KLM

**DAVID L. SMITH; and
M. JULIA HOOK,**

    Plaintiffs,

v.

**UNITED STATES OF AMERICA,**

    Defendant.

**OPINION AND ORDER ADOPTING
RECOMMENDATION ON MOTION TO DISMISS**

**THIS MATTER** comes before the Court on the Recommendation **(#60)** of the Magistrate Judge that the Defendant United States of America's Motion to Dismiss **(#9)** be granted. Plaintiffs David L. Smith and M. Julia Hook filed Objections **(#62)** to the Recommendation, and the government responded **(#65)**.[1]

**I. Background**

The Plaintiffs, both attorneys acting *pro se*, are individual taxpayers who, over the span of several years, have a long history of litigating their tax matters.[2] A chronology of events leading up to the filing of this action is helpful to put this case in context.

---

[1] Also pending before the Court is the Plaintiffs' Verified Motion to Vacate the Reference of Dispositive Motions to United States Magistrate Judge **(#55)**. That motion is **DENIED** as moot in light of the fact that the Magistrate Judge has already issued her Recommendation, and, as discussed below, the Court applies a *de novo* standard of review to the Recommendation. The Court also notes that a referral of a dispositive motion for to a Magistrate Judge pursuant to 28 U.S.C. § 636(b) does not require the consent of the parties. In such circumstances, the parties are given an opportunity to object to a recommendation, as they have done here, under Rule 72.

[2] The Plaintiffs are married, but have been separated since 1998.

For all tax years at issue, the Plaintiffs filed joint income tax returns and were assessed with income tax deficiencies by the Internal Revenue Service (IRS).

In 2000 and 2002, the Plaintiffs challenged the IRS's assessed deficiencies for tax years 1992 to 1996 by filing petitions in the United States Tax Court. The Tax Court consolidated the petitions into one action. Ultimately, the case was dismissed for failure to prosecute, and the Tax Court entered default judgment against the Plaintiffs. *See Smith v. Comm'r of Internal Revenue*, T.C. Memo. 2003-266, 2003 WL 22100685 (2003), *aff'd sub nom. Hook v. Comm'r of Internal Revenue*, 103 Fed.Appx. 661 (10th Cir. 2004).

Later, in 2007, the Plaintiffs filed another petition in Tax Court, seeking redetermination of deficiencies assessed for tax years 2001 to 2005 and attempting to reargue the merits of the Tax Court's previous decision relating to tax years 1992 to 1996. The case was set for trial in May 2010. In 2009, Plaintiff Smith (but not Hook) filed a fourth petition in Tax Court. In this petition, Mr. Smith challenged a levy collection action that the IRS had commenced with respect to unpaid income-tax liability for the 2006 tax year.[3]

Meanwhile, on January 19, 2010 (before the Tax Court issued its decisions on the 2007 and 2009 petitions), the Plaintiffs sent the IRS a document titled "Protective Claim for Refund and/or Credit." In that document, the Plaintiffs alleged that since 2004, they have paid the IRS "almost $1 million in satisfaction of alleged deficiencies for income taxes, penalties and interest for tax years 1992-1996 and 2001-2006," which amount "exceeds the amount owed by a substantial amount, thus entitling [them] to a refund or credit for the overpayment." The Plaintiffs acknowledged that their claim for a refund or credit was "contingent on the Tax Court's determinations or redeterminations" in their 2007 and 2009 cases.

---

[3] Ms. Hook had separately filed a Chapter 11 bankruptcy action in 2008. *In re Mary Julia hook*, Case No. 08-11271-SBB (Bankr. D. Colo. 2008). Her 2006 tax liability was addressed as part of the bankruptcy proceeding.

2

In April 2010, while Ms. Smith was in bankruptcy and one month before the scheduled trial in Tax Court, Mr. Smith filed a refund suit in the United States Court of Federal Claims. *See Smith v. United States*, 101 Fed.Cl. 474 (2011). In that suit, Mr. Smith challenged the "tax enforcement and collection actions taken against him and his wife by the [IRS]." He also challenged the tax deficiencies assessed against him for years 1992 to 1996 and 2001 to 2006.

In May 2010, Mr. Smith's 2007 case before the Tax Court went to trial.[4] He argued, however, that the filing of suit in the Court of Federal Claims divested the Tax Court of jurisdiction over the entire action and automatically gave the Court of Federal Claims jurisdiction over all claims relating to tax years 1992 to 1996 and 2001 to 2006. In November 2010, the Tax Court issued its decision in the 2007 case, rejecting the jurisdictional argument and finding that the IRS's assessments against Mr. Smith were proper. *See Smith v. Comm'r of Internal Revenue*, T.C. Memo. 2010-240, 2010 WL 4457709 (2010).

In January 2011, the Tax Court issued its decision in Mr. Smith's 2009 case, finding that the IRS's levy action for unpaid tax in 2006 was proper and dismissing the action. *See Smith v. Comm'r of Internal Revenue*, Docket No. 27995-09L, Order and Decision (Jan. 7, 2011).

Finally, on November 14, 2011, the Court of Federal Claims issued its decision, finding that it lacked jurisdiction over Mr. Smith's claims and granting the government's motion to dismiss. *See Smith*, 101 Fed.Cl. at 479-81. Mr. Smith requested that the case be transferred to a district court, but the Court of Federal Claims denied the request because it found that no district court would have subject matter jurisdiction over the claims either. *Id.* The decision was later affirmed by the United States Court of Appeals for the Federal Circuit. *See Smith v. United States*, 495 Fed.Appx. 44, 50 (Fed. Cir. 2012).

---

[4] While the 2007 case was pending, Ms. Hook signed a settlement agreement with the IRS. Mr. Smith was ultimately given the benefit of the reduced deficiencies stipulated to by the IRS in the settlement with Ms. Hook.

3

In reference to the above history of litigation, the Complaint **(#1)** alleges that "the United States Tax Court, the United States Bankruptcy Court for the District of Colorado, and the United States Court of Federal Claims each declined to exercise jurisdiction to hear and/or decide [the Plaintiffs'] claim for refund and/or credit for income taxes, penalties and interest for tax years 1992-1996 and 2001-2006."

Following the decisions issued by the Tax Court and the Court of Federal Claims, the Plaintiffs sent a series of letters to the IRS:

- On October 25, 2012, the Plaintiffs sent a letter titled "Request for Certificates of Release of Federal Tax Liens." The Plaintiffs requested certificates of release for nine federal tax liens that were imposed at various times in 2004, 2005, 2007, 2008, and 2011, for unpaid balances of tax assessed in tax years 1993 to1996 and 2001 to 2007. The Plaintiffs stated that release of the liens was required under 26 U.S.C. § 6325(a)(1) because their liabilities were either fully satisfied or unenforceable under 26 U.S.C. §§ 6501 and 6502. They asserted that they "have paid the IRS almost $1,000,000 ($946,500 by [their] calculation) in full satisfaction of alleged taxes, penalties and interest for tax years 1992-1996 and 2001-2006" and argued that their overpayment entitled them to a refund/credit.

- Also on October 25, 2012, the Plaintiffs sent a letter titled "Request for Return of Levied/Seized Property." The Plaintiffs requested the "return of real and personal property (including money)," which was "levied on/seized by the IRS Office in Denver, Colorado." The Plaintiffs argued that they are entitled to return of the property under 26 U.S.C. § 6343(d) because either the levies/seizures were premature, not in accordance with administrative procedures, subject to an agreement with the IRS, return of the property would facilitate IRS collection of remaining liability, and/or return of the property would be in the best interests of the Plaintiffs and the United States.

- Also on October 25, 2012, Mr. Smith sent a letter titled "Request for a Release of the Continuing Levy" on his Social Security Payments, and "Notice of the Release". Mr. Smith requested release of the continuing levy on his social security payments, which has been in effect since 2007, for alleged deficiencies in tax liability for tax years 1992 to1996 and 2001 to 2006. Mr. Smith argued that the levy must be released under 26 U.S.C. § 6343(a) because the liability has been fully satisfied.

- On October 29, 2012, the Plaintiffs sent to the IRS a Claim for Refund of $362,675 for Tax Years 1992-1996 and 2001-2006. The Plaintiffs stated that they have overpaid their tax liability for tax years 1992 to1996 and 2001 to 2006, thus entitling them to a refund.

- Also on October 29, 2012, the Plaintiffs sent a letter titled "Claim for Refund/Credit in Unknown Amount for Penalties and Interest for Tax Years 1992-1996 and 2001-2006,

4

and Request for Abatement of Penalties and Interest for These Tax Years." The Plaintiffs requested a refund/credit for penalties and interest paid for tax years 1992 to 1996 and 2001 to 2006, again asserting that they overpaid for these years and are therefore entitled to a refund.

The Complaint alleges that the government has not acted on any of the Plaintiffs' requests or claims for refunds. As a result of the government's inaction, a "cloud has been placed on the title to the real and personal property owned by Smith and/or Hook."

The Complaint does not clearly articulate or separate any specific cause of action. Rather, it generally states in an introductory paragraph that "[t]his is a civil action . . . for the recovery of internal-revenue taxes erroneously or illegally assessed or collected without authority, and sums that are excessive or were collected in a wrongful manner under internal-revenue laws, including without limitation 26 U.S.C. §§ 6325, 6331, 6334, 6335, 6337, 6342, 6343, 6402, 6501, 6502, 7422, and 7432; and to quiet title to real and personal property under 28 U.S.C. § 2410."

The Plaintiffs seek the following relief: (1) a credit and/or refund "of almost $1,000,000 ($946,500 by [the Plaintiffs'] calculation) for payment/overpayment of taxes, penalties and interest for tax years 1992-1996 and 2001-2006;" (2) abatement of penalties and tax interest for tax years 1992-1996 and 2001-2006; (3) "[t]he actual, direct economic damages sustained by Smith and/or Hook which, but for the failure of the United States to release the federal tax liens, would not have been sustained," (4) the release of all federal tax liens; (5) the return of all levied/seized property; (6) the release of the continuing levy on Mr. Smith's social security payments; (7) an order quieting title to all real and personal property owned by the Plaintiffs; and (8) interests, costs, attorney fees, and any other just relief.

The government moves to dismiss the Plaintiffs' claims for lack of subject matter jurisdiction and failure to state a claim under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). The

5

government has construed the Complaint as asserting a claim within each numbered section. Thus, sections II, VI, and VII correspond to the Plaintiffs' claims for a refund or credit for tax years 1992 to 1996 and 2001 to 2006; sections IV and VI correspond to the Plaintiffs' claim that the IRS failed to return and release levied property; and section III corresponds to the Plaintiffs' claim that the IRS failed to release tax liens.

The Plaintiffs do not object to this construction of their claims. Indeed, in their Response **(#11)**, the Plaintiffs make no substantive argument in opposition to the government's motion. Instead, they argue only that the motion to dismiss must be converted to a motion for summary judgment because the government has attached exhibits to its motion and raised factual issues on the merits. They argue that discovery will be necessary before they can respond to the government's motion because materials pertinent to the motion "are in the exclusive knowledge, possession, custody and control of the United States."

The matter was referred to the Magistrate Judge, who recommends that the government's motion to dismiss be granted. The Recommendation **(#60)** found that: (1) it was not necessary to convert the motion to dismiss to a motion for summary judgment; (2) 28 U.S.C. § 1346(a)(1) waives sovereign immunity for purposes of this action; (3) the court lacks jurisdiction over the refund claims under 26 U.S.C. § 6512 because the Plaintiffs' tax liabilities were previously litigated in Tax Court and the Plaintiffs have failed to show that their tax liabilities have been paid in full; (4) under 26 U.S.C. § 7421, the court lacks jurisdiction over the claims that the IRS failed to return or release of levied property because the Plaintiffs seek to enjoin the collection of taxes assessed; and (5) the Complaint fails to state a claim that the IRS failed to release tax liens because the Plaintiffs failed to exhaust administrative remedies as required by 26 U.S.C. § 7432.

The Plaintiffs object **(#62)** to the Recommendation. First, the Plaintiffs argue that the government's motion to dismiss was automatically converted to a motion for summary judgment when the government attached documents outside the pleadings to their motion. They argue that they should therefore be permitted to conduct discovery. Second, they argue that evidence submitted by the government is not admissible, and therefore judgment is not warranted. Third, with regard to their refund claims, the Plaintiffs argue that the Magistrate Judge "mischaracterized the affirmative defenses and other factual matters" raised by the government as issues of subject matter jurisdiction. Fourth, with regard to their claims for return or release of levied property, the Plaintiffs argue that the Magistrate Judge improperly applied 26 U.S.C. § 7421 and/or that their claims fit under an exception to that statute. Finally, with regard to their claim for release of tax liens, the Plaintiffs argue that the Magistrate Judge improperly determined that they failed to exhaust administrative remedies.

## II. Standard of Review

When a magistrate judge issues a recommendation on a dispositive motion, the parties may file specific, written objections within fourteen days after being served with a copy of the recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The district court shall make a *de novo* determination of those portions of the recommendation to which timely and specific objection is made. *U.S. v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Here, the Plaintiffs filed timely Objections to the Recommendation. The Court therefore reviews the matter under the *de novo* standard of Rule 72(b).

Rule 12(b)(1) motions to dismiss for lack of jurisdiction typically take one of two forms: (1) facial attacks, and (2) factual attacks. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). A facial attack on the Complaint's allegations as to subject matter jurisdiction questions

the sufficiency of the Complaint. *Id.* In reviewing a facial attack on the Complaint, the well-pled allegations in the Complaint are accepted as true. *Id.* In a factual attack, as is the case here, the movant goes beyond the allegations in the Complaint and challenges the facts upon which subject matter jurisdiction depends. Therefore, the Court must look beyond the Complaint and has wide discretion to allow documentary and even testimonial evidence under Rule 12(b)(1) when determining jurisdictional facts. *Id.* at 1003.[5]

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all well-pled allegations in the Complaint as true and view those allegations in the light most favorable to the Plaintiffs. *Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1149 (10th Cir. 2001) (quoting *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999)). The Court must limit its consideration to the four corners of the Complaint, any documents attached thereto, and any external documents that are referenced in the Complaint and whose accuracy is not in dispute. *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001); *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002); *Dean Witter Reynolds, Inc. v. Howsam*, 261 F.3d 956, 961 (10th Cir. 2001).

A claim is subject to dismissal if it fails to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To make such an assessment, the Court first discards those averments in the Complaint that are merely legal conclusions or

---

[5] The Plaintiffs argue in their Objections that the motion to dismiss was automatically converted to a motion to dismiss when the government attached exhibits to its motion. The Court rejects that argument. The government has presented a factual attack to the Plaintiffs' allegations of subject matter jurisdiction, and therefore are entitled to attached necessary documents and exhibits. As noted above, when considering a factual attack on jurisdiction, the Court has broad discretion to consider evidence beyond the Complaint in order to resolve disputed jurisdictional facts. Consideration of such evidence does not convert a motion to dismiss into a motion for summary judgment. *See Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).

"threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 1949-50. The Court takes the remaining, well-pled factual contentions as true and ascertains whether those facts, coupled with the law establishing the elements of the claim, support a claim that is "plausible" or whether the claim being asserted is merely "conceivable" or "possible" under the facts alleged. *Id.* at 1950-51. What is required to reach the level of "plausibility" varies from context to context, but generally, allegations that are "so general that they encompass a wide swath of conduct, much of it innocent," will not be sufficient. *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

### III. Analysis

The government argues that the Plaintiffs' claims should be dismissed for lack of subject matter jurisdiction and failure to state a claim.

*1. Sovereign Immunity*

The government argues that the Plaintiffs have not established that the United States has waived sovereign immunity, and therefore the Court lacks subject matter jurisdiction over this action.

The concept of sovereign immunity means that the United States cannot be sued without its consent. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jacks*, 960 F.3d 911, 913 (10th Cir. 1992). Courts lack subject matter jurisdiction over a claim against the United States for which sovereign immunity has not been waived. *Normandy Apartments, Ltd. v. U.S. Dep't of Hous. & Urban Dev.*, 554 F.3d 1290, 1295 (10th Cir. 2009). Consequently, the Plaintiffs may not proceed unless they can establish that the United States has waived its sovereign immunity with respect to their claim. *See Sydnes v. United States*, 523 F.3d 1179, 1182-83 (10th Cir. 2008).

The Complaint alleges that jurisdiction is based on three separate statutes: 28 U.S.C. §§1331, 1340, and 1346. Section 1331 grants federal court jurisdiction over actions arising under the Constitution, laws or treaties of the United States, but it does not independently waive the government's sovereign immunity. *See Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 n.2 (10th Cir. 2010). Section 1340 states that "district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue." This statute does not constitute a waiver of sovereign immunity either. *See Guthrie v. Sawyer*, 970, 733, 735 n.2 (10th Cir. 1992).

Section 1346, on the other hand, establishes both subject matter jurisdiction and waives sovereign immunity in limited circumstances. *Wyodak Res. Dev. Corp. v. United States*, 637 F.3d 1127, 1130 (10th Cir. 2011). The statute gives the Court of Federal Claims and the district courts concurrent jurisdiction over:

> Any civil action against the United States for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal revenue laws . . . .

28 U.S.C. § 1346(a)(1). It appears from the Complaint that the majority of the claims asserted are of the type that falls within this statute — specifically, the claims for refund, the claims that the IRS failed to return and release levied property, and the claim that the IRS failed to release tax liens. Thus, the Court finds that the Complaint properly asserts a statutory basis for the waiver of sovereign immunity as to those claims.

The waiver of sovereign immunity does not end the Court's jurisdictional inquiry. Although § 1346 established that the United States has waived its right not to be sued, it does not waive any other jurisdictional requirements that are specific to the claims asserted.

*2. Claims for Refund (Sections II, VI, and VII of the Complaint)*

The Plaintiffs assert that they are entitled to a refund or credit for amounts overpaid to the IRS relating to income-tax liabilities assessed against them for tax years 1992 to 1996 and 2001 to 2006. They contend that claims for refund were made to the IRS via three letters dated January 19, 2010, and on October 29, 2012.

The government argues that the Court lacks jurisdiction over the Plaintiffs' refund claims because (1) the Plaintiffs previously litigated their claims in Tax Court and therefore jurisdiction is barred under 26 U.S.C. § 6512, and (2) the Plaintiffs failed to satisfy the necessary prerequisites before filing suit in this Court.

When a taxpayer is assessed with income-tax deficiency, he may challenge the assessment in one of two ways: (1) he can pay the tax, request a refund from the IRS, and then file suit in Tax Court or a district court for a refund, *see* 26 U.S.C. § 7422(a), or (2) he can challenge the deficiency without paying it by timely filing a petition with the Tax Court. 26 U.S.C. § 6213(a); *see, e.g., Hatch v. Comm'r of Internal Rev.*, 364 Fed.Appx. 401, 402 (10th Cir. 2010) (unpublished). Under § 6512(a), however, once a taxpayer properly files a petition with the Tax Court, he cannot then file a claim in another court to obtain a credit or refund for the same taxable year. In other words, once a taxpayer chooses to seek relief in the Tax Court, "he puts the entire matter into the hands of that court." *Stephanatos v. United States*, 306 Fed.Appx. 560, 563 (Fed. Cir. 2009).

However, § 6512 provides several exceptions under which a district court may have jurisdiction as to a suit for recovery. Where the Tax Court expressly makes a final determination of overpayment, judicial enforcement of the taxpayer's remedy is permitted by § 6512(a)(1). Where no such determination is made by the Tax Court, § 6512(a)(2) provides that the taxpayer

11

may nevertheless file suit to recover "any amount collected in excess of an amount computed in accordance with the decision of the Tax Court which has become final."

Here, the Plaintiffs petitioned the Tax Court, challenging the assessed tax deficiencies for tax years 1992 to 1996 and 2001 to 2006. Thus, the Court lacks jurisdiction under § 6512(a) to hear any claim challenging the Tax Court's determination of tax liabilities for those years. However, throughout the Complaint (albeit by means of language quoted from documents submitted to the IRS), the Plaintiffs allege that they have paid the IRS "almost $1,000,000 ($946,500 by [their] calculation)" for tax years 1992 to 1996 and 2001 to 2006, which "exceeds the amount owed by a substantial amount" and thus entitles them to a refund for the overpayment. Arguably these allegations can be construed as asserting a claim for an amount collected in excess of the amount determined by the Tax Court, and therefore the claims are of the type that fall under the exception in § 6512(a)(2).[6] Thus, the Court finds that the Complaint sufficiently alleges jurisdiction under § 6512(a)(2) for claims of overpayment for tax years 1992 to 1996 and 2001 to 2006.

Whether or not the Plaintiffs have sufficiently alleged that they have overpaid their taxes is another question. The government argues that the Plaintiffs cannot construe their claims as arising out of an overpayment because they cannot establish that they have fully satisfied their tax liabilities in the first place, much less that they have overpaid. Because this matter is still at the pleading stage, the Court construes this as an argument that the Plaintiffs' claim of overpayment is conclusory and therefore fails to state a claim under Rule 12(b)(6).[7] The

---

[6] It is undisputed that the Tax Court did not make a final determination of overpayment under § 6512(a)(1).

[7] The Defendant attempts to frame this issue as one of jurisdictional import – *i.e.* that the Plaintiffs cannot be claiming a refund under § 6512(a)(2) because they have not actually overpaid. This seems to conflate the jurisdictional question – *i.e.* whether a facial claim for

Complaint makes an assertion that the Plaintiffs have paid almost $1,000,000 to the IRS in satisfaction of their tax liabilities for 1992 to 1996 and 2001 to 2006, but it offers only the conclusory assertion that this amount exceeds the amount the Plaintiffs owed.  There are no allegations as to what the original tax liabilities were for each specified period, what specific amounts were paid toward satisfying each assessed liability, what portion of the amounts paid constitutes an overpayment, or what the amounts were wrongfully collected.  Accordingly, the Court finds that the Complaint does not sufficiently allege that an overpayment was made for any of the tax years 1992 to 1996 or 2001 to 2006, and the government's motion to dismiss these claims under Rule 12(b)(6) is granted.

*3. Claims for Return and Release of Levied Property (Sections IV and V in the Complaint)*

The Plaintiffs assert that the IRS has failed to return and release levied property as required by 26 U.S.C. § 6343(a) because they have fully satisfied their liability for which the levies were imposed.  They seek injunctive relief in the form of the release or return of all levied property.  Section 6343(a)(1) provides that the "Secretary shall release the levy upon all, or part of, the property . . . levied upon . . . if — (A) the liability for which such levy was made is satisfied . . . ."

The government argues that no cause of action exists relating to the release of a levy.  It alleges that a claim for a release of a levy is an attempt to restrain collection of taxes, which

---

overpayment is being asserted – with the merits of such a claim – *i.e.* whether the Plaintiffs can prove that they overpaid.  As such, it is not suitable for resolution on a jurisdictional basis.  Even if it were, the Court would be reluctant to reach the jurisdictional question at this time, as such jurisdictional questions would be inextricably bound up in the merits of the claim, and therefore must await an evidentiary presentation.  *See Sizova v. National Institute of Standards and Technology*, 282 F.3d 1320,1324 (10th Cir. 2002).

violates 26 U.S.C. § 7421. Section 7421(a) states that "no suit for the purpose of retraining the assessment or collection of any tax shall be maintained in any court by any person."

The Court does not agree with the government that the Plaintiffs' claim is to seek to restrain collection of taxes. It appears that the Plaintiffs' position is that the tax has already been collected in full, and that the levies remain wrongfully in place following satisfaction of their liability. That being said, however, the Court finds that the Complaint fails to sufficiently allege that the Plaintiffs' tax liabilities have been satisfied. As noted above, the Complaint makes only the conclusory allegation that the Plaintiffs have paid the IRS almost $1,000,000 in full satisfaction of taxes, penalties, and interest for tax years 1992 to 1996 and 2001 to 2006. The Complaint does not indicate what tax liabilities were imposed as to each year, what levies were imposed as to each year, what payments were made, or when the liabilities were satisfied. Accordingly, the Court finds that the Complaint fails to state a claim for the release or return of levied property because the allegations do not properly state the grounds therefor. The government's motion to dismiss these claims is granted under Rule 12(b)(6).

*4. Claim for Release of Tax Liens (Section III of the Complaint)*

The Plaintiffs assert that the IRS has failed to release federal tax liens, as required by 26 U.S.C. § 6325. The Plaintiffs seek injunctive relief in the form of the liens being released, as well as damages under 26 U.S.C. § 7432(a) for injury sustained due to the failure to release the liens.

Section 6325(a) provides that a certificate of release shall be issued thirty days following the date on which: (1) the liability for the amount assessed has been paid in full; (2) the assessment has become legally unenforceable; or (3) the taxpayer furnishes a bond conditioned

14

on the payment of the amount assessed. *Carter v. United States*, 389 Fed.Appx. 809, 812 (10th Cir. 2010).

As noted above, the Plaintiffs conclusory allegations that they fully satisfied their tax liabilities do not sufficiently state a ground for release of the liens under § 6325. However, the Complaint also alleges that liens have become legally unenforceable under 26 U.S.C. §§ 6501(a) and 6502(a).

Section 6501(a) provides that the amount of tax imposed shall be assessed within three years after the tax return was filed and that no court proceeding without such assessment shall begin after the expiration of that period. The Complaint alleges that the taxes imposed for tax years 1993 to 1996 and 2001 to 2006 "were not assessed until more than three years after the returns were filed," and therefore "any liability for the amounts assessed, together with all interest in respect thereof, has become legally unenforceable." This allegation is conclusory as it does not provide any information about when the returns were actually filed or when the assessments were made.

Section 6502(a)(1) provides that tax imposed may be collected by levy or proceeding in court only if the levy is made or proceeding begun within ten years after the assessment of the tax. The Complaint alleges that "any liability for tax years 1993-1996 has become unenforceable under Section 6502(a) by reason of lapse of time (10 years)." Again, this allegation is conclusory and does not sufficiently allege that the liens imposed against the Plaintiffs have become legally unenforceable. Thus, the Court finds that the Complaint fails to allege that that any grounds exist for release of the liens under § 6325.

The Plaintiffs' claim for damages falls under 26 U.S.C. § 7432, which permits a claim for civil damages where an officer or employee of the IRS knowingly or negligently fails to release a

15

federal tax lien under 26 U.S.C. § 6325 on property of the taxpayer.  Section 7432(d) contains several limitations, including the requirement that "the court determine[] that the plaintiff has exhausted the administrative remedies available to [the] plaintiff."

The government argues that the claim must be dismissed because the Plaintiffs have failed to exhaust administrative remedies available.

The Court finds that it is unnecessary to reach the issue of whether the Plaintiffs have exhausted administrative remedies.  The Plaintiffs cannot state a claim under § 7432 because they have failed to allege that any of the conditions for release of the lien under § 6325 have been met.  Accordingly, the government's motion to dismiss this claim under Rule 12(b)(6) is granted.

The Court further finds that some of the pleading deficiencies identified herein may be curable by amendment.  Accordingly, the Plaintiffs are granted 14 days from the date of this Order to file an Amended Complaint that adequately pleads colorable claims.  Failure to allege sufficient facts to support a cause of action in any Amended Complaint may result in the Court dismissing those claims with prejudice.

### III.  Conclusion

For the forgoing reasons, the Plaintiffs' Objections **(#62)** are overruled and the Court **ADOPTS** the Recommendation **(#60)** that the Defendant's Motion to Dismiss **(#9)** be **GRANTED**.  All claims are **DISMISSED** without prejudice.  The Plaintiffs are granted 14 days in which to file an amended complaint, curing the pleading deficiencies identified in this opinion. Failure to do so will result in closure of this case.

17

The Plaintiffs' Verified Motion to Vacate the Reference of Dispositive Motions to United States Magistrate Judge **(#55)** is **DENIED**.

Dated this 28th day of March, 2014.

**BY THE COURT:**

_____

Marcia S. Krieger
Chief United States District Judge