**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 13-cv-01156-RM-KLM

DAVID L. SMITH, and
M. JULIA HOOK,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.

_____

**ORDER DENYING MOTION TO DISQUALIFY (ECF NO. 77)**
_____

THIS MATTER is before the Court on Plaintiffs' Motion to Disqualify United States Magistrate Judge Karen (sic) L. Mix[1] ("Motion") (ECF No. 77). Upon consideration of the Plaintiffs' Motion, Defendant's limited Response, the Court's file, and the applicable rules and law, the Plaintiffs' Motion is denied for the reasons stated herein.

Pursuant to 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The purpose of § 455(a) is "to promote public confidence in the integrity of the judicial process" and to avoid even the appearance of impropriety. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). Similarly, under § 455(b)(1), a judge or magistrate judge should also be disqualified if he has a personal bias or prejudice concerning a party.

---

[1] Both Plaintiffs and Defendant appear to refer to the Magistrate Judge as "Karen L. Mix." Judge Mix is properly referred to as Magistrate Judge Kristin L. Mix.

"[A] judge has a continuing duty to recuse before, during, or, in some circumstances, after a proceeding, if the judge concludes that sufficient factual grounds exist to cause an objective observer reasonably to question the judge's impartiality." *United States v. Cooley*, 1 F.3d 985, 992 (10th Cir. 1993) (emphasis added).  The issue is "whether a reasonable person, knowing all of the relevant facts, would harbor doubts about the judge's impartiality." *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995) (quotation omitted); *Cooley*, 1 F.3d at 993.  The standard is purely objective.  *See Nichols*, 71 F.3d at 350; *Cooley*, 1 F.3d at 993; *Scott v. Rubio*, No. 12-2063, 516 Fed.Appx. 718, 722, 2013 WL 410865, at *3 (10th Cir. Feb. 4, 2013).  "The statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." *Cooley*, 1 F.3d at 993; *Nichols*, 71 F.3d at 351.  The decision to recuse is committed to the sound discretion of the district court.  *Cooley*, 1 F.3d at 994; *Phillips v. The Pepsi Bottling Group*, No. 08-1003, 373 Fed.Appx. 896, 898, 2010 WL 1619259, at *2 (10th Cir. April 22, 2010) (discussing § 455(b)(1)).

Plaintiffs request the disqualification of the Magistrate Judge, arguing she issued orders favorable to Defendant commencing in the fall of 2013.  Plaintiffs assert the Magistrate Judge's rulings in this case evidence a lack of fairness and impartiality.  The Court has reviewed each one of the Magistrate Judge's rulings, along with the associated papers.  Contrary to Plaintiffs' position, the Court's review of the matters of which Plaintiffs complain shows no support for Plaintiffs' assertions of unfairness or impartiality by the Magistrate Judge.

Plaintiffs' arguments are, for the most part, based on the Magistrate Judge's adverse rulings in a variety of matters going back several months in time, which Plaintiffs repeatedly contend are arbitrary or an abuse of discretion.  Those rulings, while adverse, are simply that and

nothing more.  "Adverse rulings cannot in themselves form the appropriate grounds for disqualification." *Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997) (quotation omitted); *Rubio*, 516 Fed.Appx. at 723.  Motions for recusal must also be filed promptly.  *Green*, 108 F.3d at 1305; *Rubio*, 516 Fed.Appx. at 723.  As such, these rulings do support a finding of lack of impartiality, or personal bias or prejudice against Plaintiffs.

Additionally, Plaintiffs allege that Magistrate Judge Mix should be disqualified because of pending proceedings before the Court's Committee on Conduct.  Apparently, Plaintiff Smith has an application for readmission to the bar of this Court pending before the Committee.  Because of this, Chief Judge Marcia Krieger and District Judge Christine Arguello successively recused themselves from this matter, noting that their responsibilities on the Committee on Conduct might reasonably call their partiality into question in this matter.  On the heels of these recusals, the Motion was filed.  Plaintiffs allege that "Smith's conduct in this case with respect to United States Magistrate Judge Karen L. Mix is part of the alleged attorney misconduct being or to be considered by...[the Committee]...with respect to United States Magistrate Judge Karen L. Mix is part of the alleged attorney misconduct being or to be considered by...[the Committee]... with respect to Smith's application for readmission to the bar of this Court...."

The meaning of this allegation is less than clear given that a reinstatement application rather than a disciplinary proceeding based on alleged misconduct is what appears to be before the Committee.  Nonetheless, certain matters are clear.  Unlike Judges Krieger and Arguello, Judge Mix is not a member of the Committee or any Disciplinary Panel before which proceedings concerning Plaintiff Smith are pending.  There is no allegation that Judge Mix filed any complaint or submitted anything else to the Committee, that she is even aware of the

pending proceedings other than through the allegations of the Motion, or that she has any role, involvement or even interest in the outcome of such proceedings.  And in terms of the significance of the allegation that "Smith's conduct in this case" may be considered by the Committee, assuming arguendo that this is the case, such a bald allegation does not call Judge Mix's objectivity or the appearance thereof into question.  Indeed, were grounds for disqualification to exist solely on this basis, Plaintiffs would be dealt a veto card by which they could disqualify any judge in this matter at their choosing simply by asserting that Plaintiff Smith's conduct before that judicial officer might be looked at or considered by the Committee.  This Court declines the invitation to deal such card to Plaintiffs.

Judge Mix's circumstances simply are not comparable to those of Judges Krieger and Arguello.  And nothing in Judge Mix's circumstances justifies disqualification.

ORDERED that Plaintiffs' Motion to Disqualify United States Magistrate Judge Karen L. Mix (ECF No. 77) is DENIED.

DATED this 2nd day of June, 2014.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge