IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01156-RM-KLM

DAVID L. SMITH, and
M. JULIA HOOK,

     Plaintiffs,

v.

UNITED STATES OF AMERICA,

     Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on Defendant's **Motion to Dismiss** [#81][1] (the

"Motion").  Plaintiffs filed a Response [#85] in opposition to the Motion, and Defendant filed

a Reply [#88].  Pursuant to 28 U.S.C. § 636(b) and D.C.COLO.LCivR 72.1(c), the Motion

has been referred to this Court [#92].  The Motion is thus ripe for review.  Having reviewed

the entire case file and being sufficiently advised, the Court **RECOMMENDS** that the

Motion [#81] be **GRANTED** and that the Amended Complaint [#68] be **DISMISSED**

**without prejudice**.

## I. Background

     Plaintiffs David L. Smith ("Smith") and M. Julia Hook ("Hook"), who proceed in this

---

[1]  "[#81]" is an example of the convention the Court uses to identify the docket number
assigned to a specific paper by the Court's case management and electronic case filing system
(CM/ECF).  This convention is used throughout this Recommendation.

matter pro se,[2] seek "the recovery of internal-revenue taxes erroneously or illegally assessed or collected, and penalties collected without authority, and sums that are excessive or were collected in a wrongful manner under internal-revenue laws . . . and to quiet title to real and personal property." *Am. Compl.* [#68] at 1-2.  On October 11, 2013, the Chief Judge adopted the Recommendation of United States Magistrate Judge [#60] regarding Defendant's Motion to Dismiss [#9] Plaintiffs' initial Complaint [#1].  *Order* [#67]. The Order provided Plaintiffs with fourteen days in which to file an Amended Complaint, which they timely did.  *Am. Compl.* [#68].  In the present Motion [#81], Defendant asserts that Plaintiffs have failed to correct pleading deficiencies in the Amended Complaint and that the Amended Complaint should be dismissed in its entirety.

As with the initial Complaint, Plaintiffs do not clearly articulate and separate their allegations and causes of action in the Amended Complaint.  Defendant addresses each section of the Amended Complaint (except for the first section, which is introductory and

---

[2]    Generally, the Court must construe the filings of a pro se litigant liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, Plaintiffs in this matter are attorneys: Plaintiff Smith is licensed in the State of Texas and Plaintiff Hook is licensed in the State of Colorado.  *See, e.g.*, *Motion for Injunction* [#12] at 4.  The Court has previously held that a plaintiff's "status as a licensed attorney reduces the deference to which he is entitled as a pro se litigant."  *Baldwin v. United States*, No. 11-cv-02033-MSK-KLM, 2012 WL 7051296, at *1 n.1 (D. Colo. Sept. 17, 2012) (citing *Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001)).  Indeed, other courts have drawn a distinction between pro se attorneys and other pro se parties.  *See, e.g., Andrews v. Columbia Gas Transmission Corp.*, 544 F.3d 618, 633 (6th Cir. 2008) (finding that the district court did not abuse its discretion by denying special consideration to pro se practicing attorneys); *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 82 n.4 (2d Cir. 2001) (holding that "pro se attorneys such as [plaintiffs] typically cannot claim the special consideration which the courts customarily grant to pro se parties"); *Godlove v. Bamberger, Foreman, Oswald, and Hahn*, 903 F.2d 1145, 1148 (7th Cir. 1990) ("Ordinarily, we treat the efforts of pro se applicants gently, but a pro se lawyer is entitled to no special consideration."); *Harbulak v. Suffolk Cnty.*, 654 F.2d 194, 198 (2d Cir. 1981) (finding that pro se attorney was not entitled to special consideration because plaintiff was a "practicing lawyer who had the means and the knowledge, or at least the ability to obtain the knowledge, to recognize" whether his claims were reasonable).

jurisdictional, and the last section, which is conclusory) as if each were a separate cause of action.  Plaintiffs do not contest this characterization of their claims in the Response. Therefore, for ease of reference, the Court follows this format in the Recommendation and refers to Plaintiffs' causes of action as Claims II-VII, corresponding with sections II-VII of the Amended Complaint.  The general nature of Plaintiffs' claims has already been discussed multiple times in this lawsuit, and will not be repeated here.  *See Recommendation* [#60] at 4-13; *Order* [#67] at 1-5.

Plaintiffs seek the following relief: (1) "[a] credit and/or refund of almost $1,000,000 ($993,532 and increasing by approximately $1024 per month by [Plaintiffs'] calculation) for payment/overpayment of taxes, penalties and interest for tax years 1992-1996 and 2001-2006;" (2) "[a]batement of penalties and interest for tax years 1992-1996 and 2001-2006;" (3) "[t]he actual, direct economic damages sustained by [Plaintiffs] which, but for the failure or refusal of the United States to release the federal tax liens, would not have been sustained, plus the costs of the action;" (4) "[t]he release of all federal tax liens;" (5) "[t]he return of all levied/seized property;" (6) "[t]he release of the continuing levy on [Plaintiff] Smith's Social Security payments in effect since 2007, and on [Plaintiff] Hook's Social Security payments in effect since 2013;" (7) "[a]n order quieting title to all real and personal property owned by [Plaintiffs];" (8) "[i]nterest, costs and reasonable attorneys' fees and expenses as provided by law;" and (9) "[s]uch other and further legal and equitable relief as may be just under the circumstances," including:

> (1) a declaration that the orders, opinions and judgments of the United States Tax Court, the United States Bankruptcy Court for the District of Colorado, and the United States Court of Federal Claims were null and void *ab initio* because of numerous violations of [Plaintiffs'] constitutional and statutory rights to due process of law, making it impossible for them to defend against

-3-

> the United States' unsubstantiated claims for taxes, penalties and interest, or to pursue their meritorious refund/credit claims against the United States; (2) temporary, preliminary and/or permanent injunctive relief; and (3) an opportunity to join all necessary parties (including without limitation the Colorado Department of Revenue) into [Plaintiffs'] quiet title action under 28 U.S.C. § 2410 . . . .

*Am. Compl.* [#68] at 56-58.

In the present Motion [#81], Defendant asserts that some of Plaintiffs' claims should be dismissed on jurisdictional grounds and that other claims should be dismissed for failure to state a claim on which relief may be granted. Plaintiffs' Response [#85] does not address the merits of *any* of Defendant's arguments for dismissal. Rather, Plaintiffs first merely express their disagreement with the Chief Judge's ruling on the prior Recommendation [#60]. *See Response* [#85] at 2 (stating that the Chief Judge required Plaintiffs "to go beyond notice pleading under Fed. R. Civ. P. 8(a) . . . and to plead their evidence in great detail, even though no other litigants or their attorneys in the United States District Court for the District of Colorado appear to have been subjected to such a burdensome and unfair requirement or condition"), 4 n.2 (stating that "it is reasonably questionable whether Chief Judge Krieger could be fair and impartial with respect to Plaintiffs in this case, and that Chief Judge Krieger is in fact biased against Plaintiffs").

Second, Plaintiffs complain that they "have been deprived of their constitutional and statutory due process rights to obtain necessary discovery" from Defendant in this case, because the case has not yet proceeded to the general discovery period. *Response* [#85] at 7. Plaintiffs' argument lacks merit. First, the parties have already submitted a large volume of exhibits in connection with Plaintiffs' Amended Complaint [#68] and Defendant's Motion [#81], thus belying the need for additional discovery. Second, Plaintiffs do not

request any specific discovery or an evidentiary hearing to determine the merits of Defendant's jurisdictional arguments, instead choosing only to argue that no evidence whatsoever should be considered at this stage.  Thus, Plaintiffs have not provided the Court with any indication of the type of information and discovery they think they may need to combat Defendant's request for dismissal based on lack of jurisdiction. *Response* [#85] at 7.  Plaintiffs have previously been notified, both in the present lawsuit and in other related litigation, that requests for discovery to combat a Rule 12(b)(1) motion must be specific.  *Recommendation* [#60] at 2-3 (quoting *Smith v. United States*, 495 F. App'x 44, 49 (Fed. Cir. 2012)).  More specifically, the Federal Circuit stated as follows:

> Here, the Court of Federal Claims properly denied Mr. Smith's request for discovery because it found that he failed to explain with sufficient specificity how discovery would help him overcome the various jurisdictional bars to his suit, which are outlined above, and thus, permitting discovery would likely have unnecessarily delayed resolution of the matter.  Mr. Smith did not identify facts that would support his claims for jurisdiction or explain how the documents he requested would show that the Court had jurisdiction.

*Smith*, 495 F. App'x at 49.  Thus, Plaintiffs' nebulous reference to the need for discovery and conclusory assertions regarding denial of due process are insufficient to convince the Court that any specific discovery is necessary before determination of the jurisdictional aspects of the Motion.  Plaintiffs have submitted eighteen exhibits, including a lengthy Declaration Under Penalty of Perjury by Plaintiff Hook, and have had a sufficient opportunity to present additional evidence in their Response or to request an evidentiary hearing.  The parties have had "fair opportunity to present relevant facts and arguments to the court, and to counter the opponent's submissions."  *Morales–Feliciano v. Parole Bd. of the Commonwealth of Puerto Rico*, 887 F.2d 1, 6 (1st Cir. 1989), cert. denied, 494 U.S. 1046 (1990).  Nothing more is required.

Third, Plaintiffs assert that Defendant's submission of evidence, i.e., the Declaration of Yvonne M. Tibbs [#82] (plus exhibits) and the Declaration of Richard A. Schwartz [#10] (plus exhibits) should be disregarded by the Court because a Rule 12(b) motion "should not be stated in the alternative as a Rule 56 motion for summary judgment." Moore Civ. Practice Standard IV.L.2.d.  In other words, Plaintiffs appear to assert, not for the first time in this litigation, that the Court's consideration of Defendant's evidence automatically converts the Motion to Dismiss into a motion for summary judgment. *Response* [#85] at 6-7.  However, as they have been told before, this is incorrect. *See Recommendation* [#60] at 1-4; *Order* [#67] at 8 n.5.  When considering a motion to dismiss, the Court must normally disregard facts supported by documents other than the Amended Complaint unless the Court first converts the motion to dismiss into a motion for summary judgment. *Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991).  However, a Court may consider documents outside of the Amended Complaint on a motion to dismiss in three instances.  First, the Court may consider outside documents pertinent to a jurisdictional ruling on a motion to dismiss pursuant to Rule 12(b)(1). *Pringle v. United States*, 208 F.3d 1220, 1222 (10th Cir. 2000).  Second, the Court may consider outside documents subject to judicial notice, including court documents and matters of public record. *Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006).  Third, the Court may consider outside documents that are both central to Plaintiffs' claims and to which Plaintiffs refer in their Amended Complaint. *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997).  The Court has examined the documents submitted by the parties in connection with the Amended Complaint and the Motion and has determined that each of the documents cited in this decision may appropriately be referenced by the Court in

making its Recommendation on the pending Motion [#81] without converting the Motion into a motion for summary judgment.

## II.  Standard of Review

### A.    Fed. R. Civ. P. 12(b)(1)

The purpose of a motion to dismiss pursuant to Rule 12(b)(1) is to test whether the Court has jurisdiction to properly hear the case before it.  Because "federal courts are courts of limited jurisdiction," the Court must have a statutory basis to exercise its jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); Fed. R. Civ. P. 12(b)(1). Statutes conferring subject-matter jurisdiction on federal courts are to be strictly construed. *F & S Const. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964).  "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Id.* (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

A motion to dismiss pursuant to Rule 12(b)(1) may take two forms: facial attack or factual attack. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).  When reviewing a facial attack on a complaint, the Court accepts the allegations of the complaint as true. *Id.*  By contrast, when reviewing a factual attack on a complaint, the Court "may not presume the truthfulness of the complaint's factual allegations." *Id.* at 1003.  With a factual attack, the moving party challenges the facts upon which subject-matter jurisdiction depends. *Id.*  The Court therefore must make its own findings of fact. *Id.*  In order to make its findings regarding disputed jurisdictional facts, the Court "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing." *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990); *Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir. 1987)).  The Court's reliance on "evidence outside the pleadings"

to make findings concerning purely jurisdictional facts does not convert a motion to dismiss pursuant to Rule 12(b)(1) into a motion for summary judgment pursuant to Rule 56. *Id.*

## B.     Fed. R. Civ. P. 12(b)(6)

The Rule 12(b)(6) standard tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[P]lausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiff[ ][has] not nudged [his] claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (internal quotations and citations omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). That said, "[s]pecific facts are not necessary[. Instead,] the statement need only give the defendant[s] fair notice of what the ... claim is and the grounds upon which it rests[, and is not required to] include all facts necessary to carry the plaintiff's burden." *Khalik*, 671 F.3d at 1192.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for

-8-

more than a sheer possibility that defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted).  As the Tenth Circuit has explained, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (citation omitted).

### III.  Analysis

### A.    Claims II, VI, and VII

Defendant argues that Plaintiffs have failed to establish that the Court has subject matter jurisdiction over Claims II, VI, and VII.  *Motion* [#81] at 13.  In these claims, Plaintiffs generally "assert that they are entitled to a refund or credit for amounts overpaid to the IRS relating to income-tax liabilities assessed against them for tax years 1992 to 1996 and 2001 to 2006."  *Order* [#67] at 11.  Defendant argues that these claims are barred by 26 U.S.C. § 6512.  *Id.* at 13-15.

Plaintiffs have a long history of litigating their tax obligations in the United States Tax Court, the Court of Federal Claims, the United States Court of Appeals for the Federal Circuit, the United States Bankruptcy Court for the District of Colorado, this Court, and the United States Court of Appeals for the Tenth Circuit.  *See generally Motion* [#81] at 2-5 (citing cases).  The Court of Federal Claims and the Court of Appeals for the Federal Circuit have already determined virtually every issue raised in the present lawsuit.  In fact, in 2011 the Court of Federal Claims determined not only that it did not have subject matter

jurisdiction over Plaintiff Smith's claims (the same claims that he reasserts here), but that no United States District Court would have subject matter jurisdiction over the claims either, and thus Plaintiff Smith's request to transfer his case from the Court of Federal Claims to a United States District Court was denied. *See Smith v. United States*, 101 Fed. Cl. 474, 481 (2011). The United States Court of Appeals for the Federal Circuit later affirmed both jurisdictional rulings. *Smith v. United States*, 495 F. App'x 44, 50 (Fed. Cir. 2012).

Although Defendant raises the issue of res judicata, *see Motion* [#81] at 24-26, the Court must first address subject matter jurisdiction over the case. *See Herrara v. Alliant Specialty Ins. Servs., Inc.*, No. 11-cv-00050-REB-CBS, 2012 WL 959405, at *3 (D. Colo. Mar. 21, 2012) (stating that issue of subject matter jurisdiction "must be resolved before the court may address other issues presented in the motion"). Thus, because the Court here considers whether it has subject matter jurisdiction pursuant to Rule 12(b)(1), it does not consider whether the rulings of the Court of Federal Claims and the Court of Appeals for the Federal Circuit are res judicata under Rule 12(b)(6). *See Simon v. Taylor*, No. CIV 12-0096 JB/WDS, 2013 WL 5934420, at *26 (D.N.M. Sept. 26, 2013) (citing *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000) (acknowledging that res judicata, an affirmative defense, may be raised by a Rule 12(b)(6) motion to dismiss)).

Regardless, the Court finds that the jurisdictional analysis of the Court of Federal Claims and the Court of Appeals for the Federal Circuit is persuasive.[3] The Court need not again go through the entire, thorough analysis presented by those courts. However, the Court notes the following. First, both the Federal Claims case and the present case involve

---

[3] Although that lawsuit involved only Plaintiff Smith, the analysis of those courts applies equally to Plaintiff Hook's claims, as demonstrated below.

Plaintiffs' quest to obtain a "redetermination of income tax deficiencies and additions to tax asserted against them for tax years 1992 to 1996 arising from joint returns filed for those years." *Smith*, 495 F. App'x at 46; *Am. Compl.* [#68] at 4 n.1 (stating that Plaintiffs "do not concede that they owe either the original tax liabilities or the Additions to Tax" at issue in this case). Second, both cases also seek "to recover taxes alleged to have been erroneously assessed or collected for tax years" 2000 to 2006. *Id.* These issues are the bases for Plaintiffs' Claims II, VI, and VII in this case. *See id.* Third, regarding the 1992-1996 and 2001-2005 tax years, the Court of Appeals for the Federal Circuit summarized and analyzed the jurisdictional issues as follows:

> With regard to tax disputes, 28 U.S.C. § 1346(a)(1) provides for concurrent jurisdiction in the federal district courts and the Court of Federal Claims with respect to "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected . . . under the internal-revenue laws . . . ." However, § 6512(a) bars a suit for refund involving a tax year for which a Tax Court petition contesting a deficiency determination has been filed. *See Solitron Devices v. United States*, 862 F.2d 846, 848 (11th Cir. 1989) ("A bar to the exercise of jurisdiction by the district court over a tax case is triggered when the taxpayer files a petition with the Tax Court."). Here, the Court of Federal Claims correctly found that § 6512(a) precluded it from exercising jurisdiction because Mr. Smith had previously filed Tax Court petitions seeking redetermination of the same liabilities.

*Smith*, 495 F. App'x at 47-48 (footnote omitted). This Court likewise finds that Plaintiffs' liabilities for the 1992-1996 and 2001-2005 tax years were previously litigated and determined in Tax Court. *See Def.'s Exs. 1, 2, & 3* [#10-1, #10-2, #10-3]. The Court agrees with the Federal Circuit that it has no jurisdiction over Plaintiffs' claims regarding the amount of their tax liability for these tax years. Indeed, the Chief Judge has already determined that "Plaintiffs petitioned the Tax Court, challenging the assessed tax deficiencies" for these tax years, and therefore that "the Court lacks jurisdiction under § 6512(a) to hear any claim

challenging the Tax Court's determination of tax liabilities for those years." *Order* [#67] at

12. Nothing in the Amended Complaint [#68] disturbs this ruling.

Fourth, regarding tax years 1995-1996 and 2001-2006, the Federal Circuit

summarized and analyzed the pertinent jurisdictional issues as follows:

> When a taxpayer is assessed with an income tax deficiency, he may challenge that assessment in one of two ways. One way is to pay the tax, request a refund from the IRS, and then file a refund suit in the Court of Federal Claims or in a district court. I.R.C. § 7422(a). The Court of Federal Claims lacks jurisdiction over a tax refund suit unless the assessment has been fully paid. *See Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002). In the alternative, the taxpayer can file a petition with the Tax Court without paying the assessment. *See Flora v. United States*, 362 U.S. 145, 163 (1960). With certain exceptions, if a taxpayer properly files a petition with the Tax Court, he cannot later file a claim in the Court of Federal Claims or in a district court to obtain a credit or refund for the same taxable year. I.R.C. § 6512(a).
>
> Here, the Court of Federal Claims properly dismissed Mr. Smith's claim for lack of subject matter jurisdiction because the government submitted evidence demonstrating that Mr. Smith failed to satisfy the full payment rule. Mr. Smith offered no documentary evidence, such as a receipt or cancelled check proving that he had fully satisfied the assessment, and his self-serving speculation or testimony in that regard is insufficient to satisfy his burden to establish jurisdiction over his claims by preponderant evidence. The Tax Court found that Mr. Smith's arguments lacked merit and that he had failed to show that the IRS records demonstrating the failure were incorrect.

*Smith*, 495 F. App'x at 48. Again, this Court likewise finds that Plaintiffs have failed to

demonstrate that the assessments shown on the IRS records for the 1995-1996 and 2001-

2006 tax years have been paid in full. *Def.'s Exs. 11 & 22* [#10-11, #10-22]; *see also Smith*,

101 Fed. Cl. at 480 ("Plaintiff alleges that the assessment is wrong and the Court should not

consider it. Plaintiff's mere allegation that the Certificate of Assessment is wrong is

insufficient to defeat a motion to dismiss. *See* [*Rocovich v. United States*, 933 F.2d 991, 994

(Fed. Cir. 1991)]. Because Plaintiff ha[s] not satisfied the full payment rule, jurisdiction is not

proper."). To the extent that Plaintiffs allege that they have paid the IRS enough money to cover their tax assessments but ignore all accrued interest and penalties, their allegations are insufficient. Interest and penalties are statutorily compelled, automatic, mandatory, and non-discretionary. *See, e.g.*, *Comm'rs of Internal Revenue v. McCoy*, 484 U.S. 3, 7 (1987) (stating that penalty under 26 U.S.C. § 6651(a)(3) is separate and outside the scope of the Tax Court's jurisdiction) (citing 26 U.S.C. § 6651(a)(3) (stating that such penalty "shall be added" to the amount of tax owed); *id.* (stating that "[i]nterest on a tax deficiency is separately mandated") (citing 16 U.S.C. § 6601(a) (stating that interest "shall be paid" on underpayment of taxes)); *Woodsum v. Comm'rs of Internal Revenue*, 136 T.C. 585, 592 (2011) (stating that the accuracy-related penalty is mandatory because 26 U.S.C. § 6662(a) provides that it "shall be added"); *Smith v. Comm'rs of Internal Revenue*, T.C. Memo 2009-33, 2009 WL 361743, at *4 (Feb. 11, 2009). The Court therefore agrees with the Federal Circuit that it lacks jurisdiction over Plaintiffs' claims regarding their tax debt for 1995-1996 and 2001-2006.

The "exceptions" referenced by the Federal Circuit regarding when a litigant may first seek relief in Tax Court and then later with the Court of Federal Claims or in a district court are as follows:

(1) As to overpayments determined by a decision of the Tax Court which has become final, and

(2) As to any amount collected in excess of an amount computed in accordance with the decision of the Tax Court which has become final, and

(3) As to any amount collected after the period of limitation upon the making of levy or beginning a proceeding in court for collection has expired; but in any such claim for credit or refund or in any such suit for refund the decision of the Tax Court which has become final, as to whether such period has expired before the notice of deficiency was mailed, shall be conclusive, and

(4) As to overpayments attributable to partnership items, in accordance with

subchapter C of chapter 63, and

(5) As to any amount collected within the period during which the Secretary is prohibited from making the assessment or from collecting by levy or through a proceeding in court under the provisions of section 6213(a), and

(6) As to overpayments the Secretary is authorized to refund or credit pending appeal as provided in subsection (b).

26 U.S.C. § 6512(a).  Plaintiffs do not appear to cite to any of these exceptions either in the Amended Complaint [#68] or in the Response [#85].  However, the Chief Judge previously held that Plaintiffs alleged in their initial Complaint that they were entitled to a refund for overpayment to the IRS, and that "these allegations can be construed as asserting a claim for an amount collected in excess of the amount determined by the Tax Court, and therefore the claims are of the type that fall under the exception in § 6512(a)(2)."  *Order* [#67] at 12. Because the Amended Complaint makes the same allegations, the Court addresses them below.

Defendant raises a factual attack under Rule 12(b)(1) on Plaintiffs' presumed assertion of jurisdiction under 26 U.S.C. § 6512(a)(2).  Thus, in determining whether Plaintiffs have properly asserted jurisdiction here, the Court may not assume the truthfulness of the Amended Complaint's factual allegations and must make its own findings of fact based on affidavits and other evidence submitted by the parties.  *Holt*, 46 F.3d at 1002.  The Court notes that Plaintiffs are not required to prove the precise amount of overpayment that they allegedly made to the IRS.  Rather, to demonstrate that the Court may exercise subject matter jurisdiction under 26 U.S.C. § 6512(a)(2), Plaintiffs must simply provide enough evidence at this stage to show that there was *some* overpayment of any amount, however large or small that may be.  *See id.* (stating that the burden of establishing subject matter

jurisdiction is on the party asserting jurisdiction).  However, as noted above, Plaintiffs have failed to provide any evidence demonstrating that they have fully paid their debt for tax years 1995-1996 and 2001-2006.  Although the parties agree that Plaintiffs have fully paid their debt for tax years 1992-1994, Plaintiffs have failed to provide any evidence demonstrating that they have *overpaid* their tax debt for those years.  In order to claim overpayment for any particular year, Plaintiffs must have paid the entire amount of taxes assessed against them as well as all penalties and interest.  *Manka v. United States*, Civ. A. No. 89 N 49, 1993 WL 268386, at *1 (D. Colo. Apr. 6, 2013) (citing *Flora v. United States*, 357 U.S. 63 (1958)).  They have failed to provide evidence that they have done so.

Accordingly, the Court finds that it lacks subject matter jurisdiction over Plaintiffs' Claims II, VI, and VII.  The Court therefore **recommends** that these three claims be **dismissed without prejudice**.  *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216-17 (10th Cir. 2006) (recognizing established rule that "where the district court dismisses for lack of jurisdiction . . . the dismissal must be without prejudice" because a court without jurisdiction lacks power "to make any determination of the merits of the underlying claim").

## B.   Claims IV and V

Claims IV and V both assert that the IRS has failed to return and release levied property. *Am. Compl.* [#68] at 45-53.  However, as Defendant argues, "[n]o cause of action exists relating to the release of a levy."[4]  *Motion* [#81] at 23.  Under 26 U.S.C. § 7421(a), "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained

---

[4] The exception to this rule is inapplicable here, i.e., a person *other than the taxpayer* may file a wrongful levy suit if his interest in the levied property is superior to that of the United States. 26 U.S.C. § 7426(a)(1).

in any [district] court . . . ." *Souther v. Mihlbachler*, 701 F.2d 131, 131-32 (10th Cir. 1983)

(citing *Bob Jones Univ. v. Simon*, 416 U.S. 725 (1974); *Enochs v. Williams Packing &*

*Navigation Co.*, 370 U.S. 1 (1962)).   In these two claims, Plaintiffs seek to enjoin the

collection of taxes assessed against them by the IRS. *Am. Compl.* [#68] at 45-53.  They may

only maintain these claims if they properly allege that: "1) under no circumstances could the

government establish its claim to the asserted tax; and 2) irreparable injury would otherwise

occur." *Souther*, 701 F.2d at 132 (citing *Bob Jones Univ.*, 416 U.S. at 737; *Enochs*, 370 U.S.

at 6-8).   However, Plaintiffs have not sufficiently alleged that the United States cannot

establish its claim for taxes against them.  Although Plaintiffs provide numerous conclusory

allegations that the taxes were "erroneously or illegally assessed or collected, and penalties

collected without authority, and sums that are excessive or were collected in a wrongful

manner," they have failed to support these general averments with specific facts evidencing

that the government has no claim to the taxes. *See Am. Compl.* [#68] at 1-2.  Moreover, as

noted above in connection with Claims II, IV, and VII, i.e., Plaintiffs may not bring such a

claim against Defendant unless and until they pay their tax debt in total, and without having

done so, the Court may not exercise jurisdiction over their claims.  Further, even if, arguendo,

Plaintiffs properly alleged that the government cannot establish its claim to the asserted

taxes, Plaintiffs would still fail to meet the second prong of the test because they have failed

to allege that irreparable injury would otherwise occur if they are not permitted to prosecute

their claims.  There is nothing in the Amended Complaint indicating that Plaintiffs cannot pay

the tax that is the subject of these levies and then pursue their available legal remedies by

filing a refund lawsuit. *Souther*, 701 F.2d at 132 (citing 28 U.S.C. § 1346(a)(1); 26 U.S.C.

§ 7422).

Accordingly, the Court **recommends** that Claims IV and V be **dismissed without prejudice** for lack of subject matter jurisdiction.    *See Brereton*, 434 F.3d at 1216-17.

## C.    Claim III

Defendant asserts that Plaintiffs' Claim III, which asserts that the IRS has improperly failed to release its tax liens, lacks merit under Rule 12(b)(6).  *Am. Compl.* [#68] at 33-44; *see* 26 U.S.C. § 7432 (allowing a claim for civil damages where the IRS knowingly or negligently fails to release a federal tax lien under 26 U.S.C. § 6325 on the taxpayer's property).  More specifically, Defendant alleges that Plaintiffs have failed to administratively exhaust this claim.  *Motion* [#81] at 28-29.  As noted earlier, on a Rule 12(b)(6) motion, the Court may consider documents that are both central to Plaintiffs' claims and to which Plaintiffs refer in their Amended Complaint.  *GFF Corp.*, 130 F.3d at 1384.  Here, the document at issue regarding administrative exhaustion is not only referred to and cited verbatim by Plaintiffs in the Amended Complaint itself, but a copy of it is attached to the Amended Complaint due to its centrality to Plaintiffs' Claim III.  Thus, pursuant to *GFF Corporation*, the Court finds that it may examine this document in determining the viability of Claim III.

Under 26 U.S.C. § 7432(d), a judgment for damages shall not be awarded unless the plaintiffs exhaust administrative remedies in connection with their request that the IRS release liens against them.  *See Carter v. United States*, 389 F. App'x 809, 813 (10th Cir. 2010).  Their request to release tax liens must, however, detail:

> (i) The name, current address, current home and work telephone numbers and any convenient times to be contacted, and taxpayer identification number of the taxpayer making the claim;
> (ii) A copy of the notice of federal tax lien affecting the taxpayer's property, if available;
> (iii) A copy of the request for release of lien made in accordance with §

401.6325–1(f) of the Code of Federal Regulations, if applicable;
(iv) The grounds, in reasonable detail, for the claim (include copies of any available substantiating documentation or correspondence with the Internal Revenue Service);
(v) A description of the injuries incurred by the taxpayer filing the claim (include copies of any available substantiating documentation or evidence);
(vi) The dollar amount of the claim, including any damages that have not yet been incurred but that are reasonably foreseeable (include copies of any available substantiating documentation or evidence); and
(vii) The signature of the taxpayer or duly authorized representative.  For purposes of this paragraph, a duly authorized representative is any attorney, certified public accountant, enrolled actuary, or any other person permitted to represent the taxpayer before the Internal Revenue Service who is not disbarred or suspended from practice before the Internal Revenue Service and who has a written power of attorney executed by the taxpayer.

26 C.F.R. § 301.7432-1(f)(2).

Here, Defendant argues that Plaintiffs failed to specify the dollar amount of the claim. *Motion* [#81] at 28.  The Court agrees.  Plaintiffs conclusorily state that the "amount paid exceeds the amount owed by a substantial amount" and that "documentary proof of full payment/overpayment . . . is exclusively in the possession, custody and control of the IRS." *Am. Compl.* [#68] at 34.  But Plaintiffs fail to offer any more specific statement or evidence regarding the alleged overpayment, and instead contradict themselves by alleging that they, in fact, have continuing liability for unpaid taxes: "The return of such real and personal property (including money) would facilitate the IRS's collection of any remaining tax liability because it would provide the Taxpayers with the money/property to pay any remaining tax liability." *Id.* at 47.  In light of these vague and contradictory assertions, the Court finds that Plaintiffs have not sufficiently stated the dollar amount of their claim in their attempt to administratively exhaust it with the IRS.

The United States Supreme Court has addressed the necessity of full exhaustion of administrative remedies in other contexts.  The well-established rationale for requiring

administrative exhaustion is applicable here.

> Because exhaustion requirements are designed to deal with parties who do not want to exhaust, administrative law creates an incentive for these parties to do what they would otherwise prefer not to do, namely, to give the agency a fair and full opportunity to adjudicate their claims. Administrative law does this by requiring proper exhaustion of administrative remedies, which "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." This Court has described the doctrine as follows: "[A]s a general rule . . . courts should not topple over administrative decisions unless the administrative body not only has erred, but has erred against objection made at the time appropriate under its practice." Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.

*Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006) (internal citations omitted). Plaintiffs have failed to properly exhaust this claim. Accordingly, the Court finds that Plaintiffs have failed to exhaust their administrative remedies and that Claim III must be **DISMISSED without prejudice**. *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007).

## IV. Conclusion

Accordingly,

IT IS HEREBY **RECOMMENDED** that the Motion [#81] be **GRANTED** and that the Amended Complaint [#68] be **DISMISSED without prejudice**.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal

questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  July 10, 2014

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge