**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No. 13-cv-01156-RM-KLM

DAVID L. SMITH, and
M. JULIA HOOK,

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

---

**ORDER ON**
**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE (ECF NO. 101)**
**AND GRANTING**
**DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT (ECF NO. 81)**

---

THIS MATTER is before the Court on the Recommendation of United States Magistrate

Judge ("Recommendation") (ECF No. 101) to grant Defendant United States of America's

Motion to Dismiss Amended Complaint ("Motion") (ECF No. 81), and to dismiss Plaintiffs'

Verified Supplemental/Amended Complaint and Jury Demand ("Amended Complaint" or "AC")

(ECF No. 68).  Plaintiffs timely filed a written objection ("Objection") (ECF No. 105) to the

Recommendation, raising a number of arguments as to why it should be rejected.  The Court has

reviewed the Recommendation, Plaintiffs' Objection, Court file, and decisions from Plaintiffs'

prior lawsuits against the United States challenging their tax liabilities which are at issue in this

case.  The Court has also analyzed the applicable statutes, rules, regulations and case law.  Upon

consideration of these matters, and being otherwise fully advised, the Court OVERRULES

Plaintiffs' Objection and ACCEPTS the Recommendation to dismiss Plaintiffs' Amended

Complaint without prejudice, on the bases and for the reasons stated herein.

## I.  BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs, attorneys appearing *pro se*, have been litigating their tax issues against the

United States for many years, and before many different courts.[1]  Having repeatedly lost their

challenges to the Internal Revenue Service's determination and assessment of income tax

deficiencies for various tax years, Plaintiffs now seek relief before this Court.

In this case, Plaintiffs seek the "recovery of internal-revenue taxes erroneously or

illegally assessed or collected, and penalties collected without authority, and sums that are

excessive or were collected in a wrongful manner under internal-revenue laws . . . and to quiet

title to real and personal property…."  (ECF No. 68, pages (pp.) 1, 2).  Plaintiffs' claims are

based on the assessment of taxes, penalties, "additions to tax," and interest for the 1992-1996 and

2001-2006 tax years.  (ECF No. 68; Nos. 10-1 to 10-3; Nos. 10-11, 10-30.)  As an initial matter,

Plaintiffs challenge the assessments as improper.  Assuming the assessments are proper,

Plaintiffs claim they have fully satisfied such liabilities and, in fact, have overpaid them.

Accordingly, Plaintiffs seek a refund under 26 U.S.C. § 6512 of the amounts claimed overpaid

(Sections II, VI, and VII); the return and release of levied property under 26 U.S.C. § 6343(a)

(Sections IV and V) as their tax liabilities have been fully satisfied; and the release of federal tax

---

[1] The decisions of other courts which have addressed Plaintiffs' challenges include *Smith v. Comm'r*, 86 T.C.M. (CCH) 362, 2003 WL 22100685 (2003), *aff'd, Hook v. Comm'r*, 103 Fed. Appx. 661 (10th Cir. 2004); *Smith v. Comm'r*, 160 Fed. Appx. 666 (10th Cir. 2005); *In re Hook*, 397 B.R. 544, 2008 WL 3906794 (10th Cir. B.A.P. 2008); *In re Hook*, 2008 WL 4296919 (D. Colo. 2008); *In re Hook*, 2008 WL 4424811 (D. Colo. 2008), *appeal dismissed*, 336 Fed. Appx. 789 (10th Cir. 2009); *Smith v. Comm'r*, 100 T.C.M. (CCH) 381, 2010 WL 4457709 (2010), *aff'd*, 458 Fed. Appx. 714 (10th Cir. 2012); *Smith v. U.S.*, 101 Fed. Cl. 474 (Fed. Cl. 2011), *motion for relief from judgment denied*, 2012 WL 346655 (Fed. Cl. 2012), *aff'd*, 495 Fed. Appx. 44 (Fed. Cir. 2012); and *In re Hook*, 469 B.R. 62 (D. Colo. 2011).

liens under 26 U.S.C. § 6325 (Section III) as their tax liabilities have been fully satisfied or become legally unenforceable.[2]

Upon Motion to Dismiss ("First Motion") filed by Defendant, Magistrate Judge Kristen L. Mix recommended ("First Recommendation") that Plaintiffs' original Complaint be dismissed without prejudice under Fed. R. Civ. P. 12(b)(1)and 12(b)(6).  After consideration of the Plaintiffs' objections ("First Objection") to the First Recommendation, by Order dated March 28, 2014, the Honorable Marcia S. Krieger, Chief United States District Judge, adopted the Magistrate Judge's First Recommendation as to dismissal of all claims without prejudice, but did so under Rule 12(b)(6).  Nonetheless, Chief Judge Krieger granted Plaintiffs leave to file an amended complaint, finding that "*some* of the pleading deficiencies identified [in the Order] *may* be curable by amendment."  (ECF No. 67, p. 16, italics supplied.)

The Order found Defendant had waived sovereign immunity for the claims alleged, but did not waive any other jurisdictional requirements that are specific to the claims asserted.  The Order stated that Plaintiffs' Claims for Refund (Sections II, VI and VII of the Complaint) under 26 U.S.C. § 6512(a)(2) were conclusory and insufficient to support an overpayment was made; that the Claims for Return and Release of Levied Property (Sections IV and V of the Complaint) were not precluded under 26 U.S.C. § 7421(a) as a restraint on the assessment or collection of taxes, but Plaintiffs' conclusory allegations did not properly state the grounds for the release or return of such levied property, *i.e.,* the allegations did not sufficiently show the taxes have already been collected in full; and that the Claims for Release of Tax Liens (Section III of the Complaint) under 26 U.S.C. §§ 6325 and 7432 failed to state a claim as Plaintiffs' conclusory

---

[2] Plaintiffs did not object to this construction of their claims.

allegations that they fully satisfied their tax liabilities or that the liens have become legally

unenforceable did not sufficiently state grounds for the release of such liens.

In response, Plaintiffs filed their Amended Complaint which included additional

allegations such as the amounts of Plaintiffs' original tax liabilities and "Additions to Tax" for

1992-96 and 2001-05; the amounts Plaintiffs paid (via levies and otherwise) toward satisfying

each assessed liability for those same tax years, accounting only for taxes and Additions to Tax;

and the amounts Plaintiffs claim constituted an overpayment or a wrongful collection.  Based on

Plaintiffs' calculations as to the amount of their Additions to Tax, they have apparently also

included the amount of penalties assessed under 26 U.S.C. § 6662 as stated in the Tax Court's

decisions.  (ECF Nos. 10-1, 10-2, 10-3.)  The Amended Complaint contains no information as to

the amount of assessments for tax year 2006 or interest for any tax year, or any payments of such

amounts.  As relief, Plaintiffs seek: a credit/refund for overpayment of taxes, penalties and

interest for tax years 1992-1996 and 2001-2006; abatement of penalties and interest for tax years

1992-1996 and 2001-2006; damages for Defendant's failure or refusal to release federal tax

liens; the release of all federal tax liens; the return of all levied/seized property; the release of the

continuing levy on social security payments; and an order quieting title to all real and personal

property owned by Plaintiffs.

Defendant again moved to dismiss under Rules 12(b)(1) and 12(b)(6) (ECF No. 81).

Defendant raised a number of arguments and provided evidence (including the Declaration of

Yvonne Tibbs, with exhibits) showing no overpayment of tax liabilities, *i.e.,* taxes, penalties,

additions to tax, and interest.  Plaintiffs, however, failed to substantively address the arguments

or evidence in their Response.  Instead, Plaintiffs declared Defendant's Motion falsely argued

that Plaintiffs failed to correct the pleading deficiencies identified in the Order; Defendant's

exhibits should be disregarded as improper parol evidence; and, even if Defendant's Motion is

treated as a motion for summary judgment, there are genuine issues as to material facts for

determination by a jury at trial.

The Magistrate Judge recommended that Defendant's Motion be granted based on Rules

12(b)(1) (Sections II, IV, V, VI, and VII) and 12(b)(6) (Section III).  Plaintiffs timely objected,

asserting they continue to contest the validity and amount of any and all tax assessments, accrued

interest and penalties.  In addition, in summary, Plaintiffs argue the Recommendation: (1) is

moot because it is contrary to the Order ruling subject matter jurisdiction exists under 28 U.S.C.

§ 1346(a), that ruling is law of the case, and the Magistrate Judge abused her discretion in

refusing to follow that ruling; (2) is erroneous because Plaintiffs cured the alleged pleading

deficiencies identified in the Order; (3) was issued without authorization because Plaintiffs were

improperly denied discovery; (4) ignored or misapplied this Court's Civil Practice Standards

governing Rule 12(b) motions; (5) failed to acknowledge or consider the determination in the

Order that Plaintiffs' allegations fall within the exception in § 6512(a)(2) (Recommendation, pp.

11-12); (6) ignored Plaintiffs' allegations demonstrating they have paid all assessments,

including all accrued interest and penalties (Recommendation, pp. 12, 15, 16); and (7) ignored

their allegations from which irreparable harm could reasonably be "inferred" and the information

contained in their subsequently filed Motion for Temporary Restraining Order and/or

Preliminary Injunction ("Motion for TRO") (ECF Nos. 96, 98) (Recommendation, p. 16).  After

a *de novo* review of the matters to which Plaintiffs properly objected, the Court finds dismissal of Plaintiffs' Amended Complaint is warranted.[3]

## II.  STANDARD OF REVIEW

### A.  Review of Magistrate Judge's Recommendation

When a magistrate judge issues a recommendation on a dispositive motion, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  An objection is proper if it is filed timely in accordance with the Federal Rules of Civil Procedure and specific enough to enable the "'district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute.'"  *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).  In this case, Plaintiffs' Objection is timely; therefore, the Court reviews *de novo* those matters to which proper objections were made.

### B.  Motions to Dismiss

Defendant moves for dismissal under Rules 12(b)(1) and 12(b)(6).  A motion to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter may take one of two forms: (1) a facial attack; or (2) a factual attack.  *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001).  In a facial attack, the moving party challenges the complaint's allegations as to the

---

[3] The Court notes the Amended Complaint also contains a Section VIII which asserts – in reliance on the actions or inactions complained of in the other Sections – that a cloud has been placed on Plaintiffs' properties, which they are entitled to have quieted.  If the underlying Sections on which Section VIII is based are subject to dismissal, it follows that Section VIII is also subject to dismissal.

existence of subject matter jurisdiction.  *Id.*  In a factual attack, the moving party goes beyond

the allegations in the complaint and challenges the facts on which subject matter jurisdiction is

based.  *Id.*

   Here, Defendant's Motion challenged the facts underlying Plaintiffs' allegations of

jurisdiction – a factual attack.  "In reviewing a factual attack, a court has 'wide discretion to

allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed

jurisdictional facts.'"  *Id.* (quoting *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995)).

The court's reference to evidence outside the pleadings, however, does not convert the motion

into a Rule 56, Fed. R. Civ. P., motion.  *Stuart*, 271 F.3d at 1225.  "Because the jurisdiction of

federal courts is limited, 'there is a presumption against our jurisdiction, and the party invoking

federal jurisdiction bears the burden of proof.'"  *Marcus v. Kansas Dep't of Revenue*, 170 F.3d

1305, 1309 (10th Cir. 1999) (quoting *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521

(10th Cir. 1991)).[4]

   A motion under Rule 12(b)(6) challenges only the sufficiency of the complaint.  *Davis ex*

*rel. Davis v. United States*, 343 F.3d 1282, 1295 (10th Cir. 2003).  In reviewing the challenged

complaint, the court accepts all "well-pled factual allegations in the complaint as true [and]

'resolve[s] all reasonable inferences in the plaintiff's favor.'"  *Diversey v. Schmidly*, 738 F.3d

1196, 1199 (10th Cir. 2013) (quoting *Morse v. Regents of the Univ. of Colo.*, 154 F.3d 1124,

1126-27 (10th Cir. 1998)).  The "complaint must contain enough allegations of fact, taken as true,

'to state a claim to relief that is plausible on its face.' . . . A plaintiff must 'nudge [his] claims

---

[4] An exception applies if the resolution of the jurisdiction question is intertwined with the merits of the case.  *Holt v.*
*United States*, 46 F.3d at 1003; *Los Alamos Study Group v. U.S. Dep't of Energy*, 692 F.3d 1057, 1064 (10th Cir.
2012).  The Court finds this exception inapplicable as it need not delve into the merits; rather, a review of Plaintiffs'
legal theories and factual assertions on which subject matter jurisdiction is based is sufficient to determine whether
the Court's jurisdiction has been invoked.

across the line from conceivable to plausible' in order to survive a motion to dismiss." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (brackets in original). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Khalik*, 671 F.3d at 1191 (quotation marks and brackets omitted). "[M]ere 'labels and conclusions,'" and "'formulaic recitation[s] of the elements of a cause of action' will not suffice." *Khalik*, 671 F.3d at 1191 (quoting *Twombly*, 550 U.S. at 555). Plaintiffs proceed *pro se*, but the Court is not obliged to construe their pleadings liberally as they are attorneys (ECF No. 105, p. 24). *See Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001).

## III.  ANALYSIS

### A.  No Abuse of Discretion, Mootness or Failure to Apply Law of the Case.

Plaintiffs first argue that the Recommendation is moot and constitutes an abuse of the Magistrate Judge's discretion because she "refused" to "follow" the jurisdictional ruling in the Order as the law of the case. In support of this argument, Plaintiffs incorporated by reference their First Objection to the First Recommendation. A review of the papers shows Plaintiffs' argument is without merit.

When a matter is of no practical significance, or hypothetical or academic, it is moot. *Black's Law Dictionary* 1161 (10th ed. 2014). The issue of this Court's subject matter jurisdiction, however, is not moot. Instead, a federal court has an independent obligation to examine its own jurisdiction at every stage of the proceeding. *Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1276 (10th Cir. 2001); *Citizens Concerned for Separation of Church & State v.*

*City & County of Denver*, 628 F.2d 1289, 1301 (10th Cir. 1980).  Accordingly, the

Recommendation is not moot.

Under the "law of the case" doctrine, "when a court rules on an issue of law, the ruling

'should continue to govern the same issues in subsequent stages in the same case.'" *Bishop v.*

*Smith*, 760 F.3d 1070, 1082 (10th Cir. 2014) (quoting *United States v. Graham*, 704 F.3d 1275,

1278 (10th Cir. 2013)).  The doctrine, however, is discretionary, not mandatory, as the rule

"'merely expresses the practice of courts generally to refuse to reopen what has been decided,

not a limit on their power.'" *Bishop*, 760 F.3d at 1082 (quoting *Kennedy v. Lubar*, 273 F.3d

1293, 1299 (10th Cir. 2001)).  "Even so, it takes 'exceptionally narrow circumstances' for the

court not to follow the law of the case when the doctrine applies." *Bishop*, 760 F.3d at 1082

(quoting *United States v. Alvarez*, 142 F.3d 1243, 1247 (10th Cir. 1998)).  The three narrow

exceptions are: "(1) when new evidence emerges; (2) when intervening law undermines the

original decision; and (3) when the prior ruling was clearly erroneous and would, if followed,

create a manifest injustice." *Bishop*, 760 F.3d at 1086; *see also Alvarez*, 142 F.3d at 1247.

In this case, the Order was based on the arguments and evidence then before Chief Judge

Krieger on Defendant's First Motion.  Similarly, Plaintiffs' First Objection addressed the First

Recommendation based on those same arguments and evidence.[5]  Subsequently, substantial new

evidence was presented by the parties through the Amended Complaint[6] and the Motion.  The

---

[5] Plaintiffs incorporated by reference their First Objection, without explanation or specifying what the Court is to consider, or how the First Objection shows mootness, the law of the case applies, or an abuse of discretion by the Magistrate Judge.  Moreover, Plaintiffs have not identified why those objections are relevant in light of the fact that the Recommendation was issued in reliance on new evidence not previously considered.  As previously stated, objections which are not specific will not be considered.  *See 2121 E. 30th St.*, 73 F.3d at 1059 (objections must be specific, to provide meaningful notice as to errors the magistrate judge allegedly committed).
[6] A verified complaint under 28 U.S.C. § 1746 stating facts admissible at trial and based on personal knowledge may have the same force and effect as an affidavit.  *See Conaway v. Smith*, 853 F.2d 789, 792 (10th Cir. 1988) (discussing

Magistrate Judge's recommendations were made in light of such new evidence, and arguments based thereon; therefore, they are neither an abuse of discretion nor a violation of the "law of the case" doctrine.

**B.  No Erroneous Assumption that Plaintiffs Failed to Correct Pleading Deficiencies**

Plaintiffs "object to any and all findings made by Magistrate Judge Mix" in the Recommendation "premised on the false assumption that Plaintiffs have not fully complied with Chief Judge Krieger's instructions."  (Objection, pp. 11, 14, 17, 18, 21, 22.)  Such perfunctory statements fail to meet the "specific objection" requirement to sufficiently apprise the Court of where the Magistrate Judge made such assumptions or how they rendered the recommendations erroneous.  As such, the Recommendation has not properly been objected to on this basis. Nonetheless, the Court has examined the Recommendation and finds that while the results reached are the same as the First Recommendation– that Plaintiffs' claims are subject to dismissal – they were not based on assumptions that Plaintiffs failed to comply with the Order. On the contrary, the Recommendation shows it was based on the record before the Magistrate Judge, including Plaintiffs' Amended Complaint as measured against the applicable law and the information Defendant submitted in support of its Motion.[7]

---

use of verified complaint for purpose of responding to motion for summary judgment); *Jordan v. Federal Bureau of Prisons*, 191 Fed. Appx. 639, 648 (10th Cir. 2006) (same).  Concomitantly, a verified complaint which is nonspecific or nonresponsive, vague, conclusory or self-serving is insufficient for consideration.  *See Conaway*, 853 F.2d at 793; *Jordan*, 191 Fed. Appx. at 648.

[7] A dominant theme of Plaintiffs' Objection is their asserted compliance with Chief Judge Krieger's instructions as to what they were required to plead in order to correct pleading deficiencies.  A review of the Amended Complaint shows, for example, that Plaintiffs provided many new allegations of the amounts they paid toward satisfying each assessed liability.  But it is these very same new allegations – none of which were before Chief Judge Krieger – that makes clear this Court's lack of subject matter jurisdiction and Plaintiffs' failure to state a claim.

### C.  No Improper Denial of Discovery

Plaintiffs' next objection argues the Magistrate Judge's denial of discovery violates "federal, local and judicial rules of practice and procedure and the Due Process Clause." Plaintiffs, however, have failed to show that any rule or other legal authority requires that discovery be allowed before a determination may be made on the Rule 12(b) motion at issue. More importantly, as the Magistrate Judge correctly found: (1) the parties submitted a large volume of exhibits in connection with the Motion, belying Plaintiffs' need for additional discovery; and (2) Plaintiffs failed to identify any specific discovery necessary to the determination of the merits of Defendant's jurisdictional arguments.  Plaintiffs have been repeatedly advised that cursory requests and conclusory assertions are insufficient to support their contention that discovery is required (ECF No. 60, pp. 2, 3; No. 101, pp. 4, 5), but nonetheless continue to do so as evident by their objections raised before this Court.  On this record, the Court finds Plaintiffs have not shown any discovery was warranted.

### D.  No Improper Consideration of Parol Evidence

Relying on this Court's Civil Practice Standards governing Rule 12(b) motions, Plaintiffs argue that the Declaration of Yvonne M. Tibbs (plus exhibits) submitted by Defendant should be disregarded as improper parol evidence.  However, as Plaintiffs have previously been advised, a court may consider documents outside of a complaint, without converting a motion to dismiss to a motion for summary judgment, where the motion is filed pursuant to Rule 12(b)(1), *Stuart*, 271 F.3d at 1225; where such documents are subject to judicial notice, *Tal v. Hogan*, 453 F.3d 1244, 1264-65 n.24 (10th Cir. 2006); or where such documents are central to plaintiffs' claims and are referred to in their complaint, *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381,

1384 (10th Cir. 1997).  The Court's independent review shows that the documents at issue are

among those which may be considered without requiring the conversion of a Rule 12(b) motion

to a Rule 56 motion.  Therefore, the documents need not be disregarded in determining

Defendant's Motion.

### E.  No Jurisdiction to Hear Any Claim Challenging the Tax Court's Determination of Tax Liabilities

Plaintiffs object to the Magistrate Judge's finding that this Court has no jurisdiction to

hear challenges to the Tax Court's determinations of *tax liabilities* for the 1992-1996 and 2001-

2005[8] tax years.  Plaintiffs do not contend that the Magistrate Judge's finding is an abuse of

discretion or otherwise erroneous.  Instead, Plaintiffs argue this finding is misleading and should

be disregarded because of Chief Judge Krieger's finding that the Complaint sufficiently alleged

jurisdiction under 26 U.S.C. § 6512(a) for claims of *overpayment* for those same tax years, and

2006.  Plaintiffs' objection is not well taken as the two findings cover different matters – the

amount of Plaintiffs' tax liabilities as opposed to the overpayment of such liabilities.

Further, to the extent that Plaintiffs are also challenging the finding that they may not

now contest the Tax Court's prior determinations[9] of Plaintiffs' tax liabilities, the Court

concludes such finding is correct.  Plaintiffs filed petitions before the Tax Court contesting such

tax liabilities and those determinations are now final.  As such, they are not subject to

---

[8] Plaintiffs referenced 2001- 2006 (ECF No. 105, p. 12), but that part of the Recommendation addressed 2001-2005 (ECF No. 11).
[9] The Court notes there was no assertion or evidence that there was a Tax Court determination of Plaintiffs' tax liabilities for the 2006 tax year.  (ECF No. 68, pp. 4, 5; No. 81, pp. 2, 3, 14.)  Nonetheless, as discussed below, to invoke 28 U.S.C. § 1346, full payment of a tax assessment is a prerequisite to suit in federal court, one which Plaintiffs have not shown has been met.  *See Manka v. U.S.*, 1993 WL 268386, 71 A.F.T.R.2d 93-1735, 93-2 USTC P 50,371 (D. Colo. 1993) (citing *Flora v. United States*, 357 U.S. 63 (1958), *aff'd on reh'g,* 362 U.S. 145 (1960)); *Magnone v. United States*, 902 F.2d 192, 193 (2nd Cir. 1990).

redetermination before this Court.  26 U.S.C. § 6512(a); *see Smith v. United Stat*es, 101 Fed. Cl. 474 (Fed. Cl. 2011), *aff'd*, 495 Fed. Appx. 44 (Fed. Cir. 2012).

**F.  Claims for Refund – No Overpayment of Tax Liabilities Has Been Shown (Sections II, VI, VII)**

Plaintiffs contend they have sufficiently shown they overpaid the tax assessments, accrued interest and penalties, even as they continue to contest their validity and amount.  (ECF No. 105, pp. 14-15; No. 68, p. 4 n.1.)  Plaintiffs argue the findings that they did not overpay were improper as they were made without permitting Plaintiffs to conduct discovery; they assumed Plaintiffs failed to comply with the Order to amend their Complaint; and they ignored the evidence contained in their Amended Complaint, showing overpayment of all taxes, penalties and interest.  Plaintiffs' contention that discovery should have been permitted has already been addressed and rejected.  Equally unavailing are Plaintiffs' arguments that the findings are based on improper assumptions or ignored the evidence contained in the Amended Complaint.  Instead, the Court's *de novo* review of the record shows Plaintiffs' evidence falls short of sufficiently showing any overpayment.

As pertinent to this case, under 28 U.S.C. § 1346(a)(1), the district courts have original jurisdiction over "civil action[s] against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected …."  This statute serves as a waiver of sovereign immunity and jurisdictional grant for refund claims, *Wyodak Res. Dev. Corp. v. United* States, 637 F.3d 1127, 1130 (10th Cir. 2011), upon compliance with the "full payment rule."  Under this rule, before a taxpayer may sue for a refund of amounts collected by the Internal Revenue Service, the taxpayer must pay the entire amounts at issue, *e.g.*, the taxes, penalties (including additions to tax), and interest.  *See Manka*, 1993 WL 268386,

at *1; *Magnone*, 902 F.2d at 193.[10]   And, in the context of tax refunds, 26 U.S.C. § 6512(a)(2)

limits a suit for refund "to any amount collected in *excess* of an amount computed in accordance

with the decision of the Tax Court which has become final."  (Italics supplied.)  *See United*

*States v. Dalm*, 494 U.S. 596, 601 (1990); *Koss v. United States*, 69 F.3d 705, 707 (3rd Cir.

1995).  Thus, an overpayment is a prerequisite to suit.  *See Smith v. United States*, 101 Fed. Cl. at

479.

In this case, Plaintiffs' Amended Complaint accounts for the payments they claim were

paid on the taxes and Additions to Tax assessed upon determinations made by the Tax Court for

the 1992-1996 and 2001-2005 tax years.  Notably absent from Plaintiffs' "accounting" are the

amounts of interest or any additional penalties assessed or a showing that these amounts have

been paid in full for the 1995-1996 and 2001-2005 tax years.  And, further, also absent are any

statements as to the liabilities (tax, penalties, interest or otherwise) assessed or paid for the 2006

tax year.  Finally, although Defendant does not contest there has been full payment as to the

1992-1994 tax years (ECF No. 81, pp. 8, 21), § 6512(a)(2) is nonetheless inapplicable in the

absence of an *overpayment*.  In summary, Plaintiffs have failed to show[11] compliance with the

full payment rule much less the overpayment "rule," a prerequisite to the waiver of sovereign

---

[10] The Court recognizes that under *Flora*, 362 U.S. at 170 n.37, an issue may be raised as to whether the payment of interest is also required.  As Plaintiffs are challenging not only the tax but also the interest and "penalties/additions to tax," without further explanation as to the bases, the Court finds the full payment rule requires payment of all amounts challenged.

[11] Plaintiffs' concession that interest and penalties must also be paid coupled with their failure to show that all amounts were accounted for and paid facially demonstrate the lack of jurisdiction.  Therefore, the Court need not delve into the merits of these claims, *e.g.*, whether $580,000.00 in alleged "equity" in certain real properties or the actual net proceeds from the sales of those properties may be used to determine any payment/"overpayment," an issue already decided against Plaintiffs by the Bankruptcy Court.  *See In re Hook*, 469 B.R. 62, 66-67 (D. Colo. 2011).

immunity and jurisdictional grant under § 1346(a)(1) and § 6512(a), respectively.[12]

Accordingly, Plaintiffs' Claims II, VI and VII are dismissed without prejudice pursuant to Rules 12(b)(1) and 12(b)(6).

### G. Claims for Return and Release of Levied Property are Insufficient (Sections IV and V)

In Sections IV and V, Plaintiffs assert that pursuant to 26 U.S.C. § 6343(a) they are entitled to the return and release of levied property as they have fully satisfied their liabilities.[13] Section 6343(a) provides, in relevant part, that "the Secretary shall release the levy upon all, or part of, the property or rights to property levied upon . . . if — (A) the liability for which such levy was made is satisfied . . . ." As discussed above, Plaintiffs' assertions fail to show that the liabilities for which the levies were made have been satisfied. As such, they have failed not only to establish jurisdiction under 28 U.S.C. § 1346 but also to state a claim for relief under § 6343(a). Accordingly, Plaintiffs' Claims IV and V are subject to dismissal pursuant to Rules 12(b)(1) and 12(b)(6).

Defendant also argues Plaintiffs' claims are an attempt to restrain the collection of taxes, in violation of 26 U.S.C. § 7421, the Anti-Injunction Act. Under the Act, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person…." Based on Plaintiffs' own verified assertions in the Amended Complaint which show that their tax liabilities have not been fully satisfied, the Court agrees with Defendant.

---

[12] Indeed, as referenced in footnote 9, there is a lack of evidence of any *Tax Court* computation as to the amounts owed for 2006. *See, e.g.*, Amended Complaint, Section II.A.1-A.10 (discussing Tax Court determinations for 1992-1996 and 2001-2005); ECF Nos. 10-1, 10-2, 10-3 (same). In light of this Court's determination that Plaintiffs have not established jurisdiction under § 6512(a)(2), the Court need not determine whether this section would apply at all to the 2006 tax year.

[13] The Order and Recommendation construed Sections IV and V as such and Plaintiffs have not argued this construction is incorrect or otherwise improper. (ECF No. 67, pp. 13-14; No. 101; No. 105.)

Accordingly, Plaintiffs' claims are barred unless they fall within an exception to the Act's prohibition.

A judicial exception[14] to the Act's bar applies where the taxpayer demonstrates that "1) under no circumstances could the government establish its claim to the asserted tax; and 2) irreparable injury would otherwise occur." *Souther v. Milhbachler*, 701 F.2d 131, 132 (10th Cir. 1983) (citing *Bob Jones Univ. v. Simon*, 416 U.S. 725, 737 (1974)); *Lonsdale v. United States*, 919 F.2d 1440, 1442 (10th Cir. 1990).  Plaintiffs argue they have shown specific facts evidencing Defendant has no claim to the taxes, apparently relying on the assertions that they have overpaid their taxes that are the subject of the levies.  Such argument fails as it is not supported by their evidence.  Therefore, they have not met the first requirement.  As for the requirement of irreparable harm, Plaintiffs contend harm can reasonably be inferred from the Amended Complaint and shown from their subsequent, separately filed Motion for TRO.[15]  Even assuming, *arguendo*, that an *inference* of irreparable harm is sufficient to fall within the exception, the Court's review of the Amended Complaint shows no support for such an inference.  Plaintiffs' conclusory argument they have been reduced to "abject poverty" is also insufficient as economic loss generally does not, in and of itself, constitute irreparable harm as such losses are compensable by money damages.  *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003).  Moreover, the harm of which Plaintiffs complain – the loss of income – appears to be self-inflicted as it results from Plaintiffs' failure to pay their tax liabilities, liabilities which

---

[14] There may also be a judicial exception where Congress has not provided the taxpayer with an alternative remedy to challenge the validity of the tax at issue, *Ambort v. United States*, 392 F.3d 1138, 1140 (10th Cir. 2004), but Plaintiffs have not argued it applies.

[15] Plaintiffs also cursorily argue the findings are based on false assumptions, they were precluded from conducting discovery, and their verified assertions were ignored.  The Court has already addressed these arguments and found them without merit.

they have repeatedly challenged and lost and for which they have not shown have been overpaid. A party does not satisfy the irreparable harm criterion when the alleged harm is self-inflicted. *Salt Lake-Tribune Pub. Co., LLC v. AT & T Corp.*, 320 F.3d 1081, 1106 (10th Cir. 2003); 11A Charles A. Wright et al., Federal Practice and Procedure § 2948.1 (3d ed. 2014). Therefore, pursuant to the Act, Plaintiffs' Claims IV and V are also subject to dismissal under Rule 12(b)(1).

### H. Failure to State a Claim for Release of Tax Liens – Failure to Exhaust Remedies (Section III)

In Section III, Plaintiffs assert the IRS failed to release tax liens as required by 26 U.S.C. § 6325, but the Recommendation found dismissal is proper for failure to exhaust remedies. Pursuant to 26 U.S.C. § 7432, a taxpayer may bring an action for damages based on the IRS's failure to release a lien as required by § 6325, but only if the taxpayer has exhausted available administrative remedies. 26 U.S.C. § 7432(d). In order to do so, the taxpayer must file a complying administrative claim and satisfy the waiting period. 26 C.F.R. § 301.7432-1(a). Among other things, a complying claim requires the taxpayer to provide "[t]he dollar amount of the claim, including any damages that have not yet been incurred but that are reasonably foreseeable" and to "include copies of any available substantiating documentation or evidence." 26 C.F.R. § 301.7432-1(f)(2)(vi).

Plaintiffs challenge the Recommendation, arguing they complied with the Order in amending their Complaint; their Amended Complaint stated the dollar amount of their claim; their January 19, 2010 "Protective Claim for Refund and/or Credit" identifies their claim as almost $1,000,000, plus interest; and their claim as of April 9, 2014, has reached almost

$1,000,000, plus interest, and is increasing monthly.  The Court has reviewed the record and considered each of Plaintiffs' argument, but finds them without merit.

A review of Plaintiffs' Amended Complaint, and supporting exhibits, shows Plaintiffs submitted the October 25, 2012, letter to the IRS with exhibits, but did not provide a dollar amount of their claim.  Instead, the letter stated Plaintiffs have paid $946,500 and that such amount exceeds the amount owed by a "substantial amount," thereby entitling Plaintiffs to a refund/credit.  (ECF No. 68-5, p. 2.)  Plaintiffs' supporting documents filed with the letter fare no better in identifying the dollar amount of their claim.  Plaintiffs' reliance on information in *other* papers to support exhaustion, such as the assertions contained in the Amended Complaint, is misplaced as those papers were not a part of their administrative claim.  Moreover, such papers also fail to sufficiently identify the amount of the claim.  Consequently, Plaintiffs have failed to exhaust their administrative remedy and their claim that the IRS has failed to release its tax liens and levies are subject to dismissal under Rule 12(b)(6).

## IV.  CONCLUSION

Based on the foregoing, Plaintiffs' Objections are overruled.  With respect to those portions of the Recommendation to which Plaintiffs lodged no specific objection, and except as otherwise modified herein, the Recommendation is hereby accepted and adopted without further analysis or discussion.  It is therefore **ORDERED**

1. That Plaintiffs' Objection (ECF No. 105) is **OVERRULED**;

2. That the Recommendation (ECF No. 101), as modified herein, is **ACCEPTED** and **ADOPTED**;

3.  That Defendant's Motion to Dismiss to Amended Complaint (ECF No. 81)  is

    **GRANTED** and Plaintiffs' Verified Amended Complaint and this case are

    **DISMISSED WITHOUT PREJUDICED**; and

4.  That all pending motions are **DENIED** as **MOOT**.

DATED this 20th day of November, 2014.

BY THE COURT:

_____

RAYMOND P. MOORE
United States District Judge
