**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 13-cv-01156-RM-KLM

DAVID L. SMITH, and
M. JULIA HOOK,

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

_____

**ORDER DENYING VERIFIED EMERGENCY MOTION FOR STAY (ECF NO. 118)**
_____

THIS MATTER is before the Court on Plaintiff M. Julia Hook's Verified Emergency Motion for a Stay of all Collection Actions and/or Court Proceedings by the United States Pending Appeal ("Motion") (ECF No. 118) requesting this Court to stay all collection actions against not only Plaintiff Hook but also Plaintiff Smith and "their real and personal property" pending an appeal of this case. Upon consideration of the Motion, the Court file, the applicable rules and case law, and being otherwise fully advised, the Motion is DENIED.

**I.      BACKGROUND**

Plaintiffs, attorneys appearing *pro se*, filed this action against Defendant United States of America "for the recovery of internal-revenue taxes erroneously or illegally assessed or collected, and penalties collected without authority, and sums that are excessive or were collected in a wrongful manner under internal-revenue laws." (ECF No. 68.) By Order dated

March 28, 2014, Chief Judge Marcia S. Krieger,[1] upon motion filed by Defendant, dismissed Plaintiffs' claims without prejudice but granted them leave to file an amended complaint. (ECF No. 67.) By Order dated November 20, 2014, upon motion filed by Defendant, this Court dismissed Plaintiffs' amended complaint without prejudice. (ECF No. 107.) Thereafter, on January 17, 2015, Plaintiff Hook appealed the Order of dismissal but Plaintiff Smith did not. (ECF No. 109.) Although Plaintiff Smith did not appeal, and Plaintiff Hook does not represent Plaintiff Smith, Plaintiff Hook now seeks an emergency stay to preclude Defendant from taking any collection action with respect to both Plaintiffs.

**II.     STANDARD FOR GRANTING A STAY**

Where emergency relief is requested seeking a ruling on a motion for a stay with 48 hours after filing, the motion must be marked "EMERGENCY" and accompanied by a certificate stating: (1) the reason the motion was not filed earlier; (2) the date the underlying order was entered; (3) the time and date the order becomes effective; and (4) the telephone numbers and email addresses for all counsel of record and where available, unrepresented parties. 10th Cir. R. 8.2(A). In this case, assuming Plaintiff Hook is attempting to seek an expedited ruling under Rule 8.2(A), and this rule also applies to the United States District Courts, the Motion fails to satisfy the requirements for an emergency ruling. For example, Plaintiff Hook's Notice of Appeal was filed January 17, 2015, but this "emergency" Motion was not filed until February 5, 2015, almost three weeks later. No explanation was given as to why the motion was not filed earlier. In addition, the telephone numbers and email addresses for all counsel of record and

---

[1] Chief Judge Krieger presided over this case until it was reassigned to this Court by Order dated April 21, 2014. (ECF No. 72.)

unrepresented parties have not been provided. Accordingly, an "emergency" ruling is not warranted.

Similarly, the Motion fails to meet the standards required for granting a stay. As an initial matter, it is unclear how a stay of the Order would afford Plaintiffs the relief requested. Instead, it appears Plaintiff Hook is seeking injunctive relief. To the extent Plaintiff Hook is doing so, she has not shown this Court has jurisdiction to grant such relief. *See* 10th Cir. R. 8.1 ("No application for a stay or an injunction pending appeal will be considered unless the applicant addresses all of the following: (A) the basis for the district court's…subject matter jurisdiction…including citation to statutes and a statement of facts establishing jurisdiction.") Assuming this Court has jurisdiction, because it denied Plaintiffs' motion for temporary restraining order and/or preliminary injunction as moot or on some other basis, *see* Fed. R. Civ. P. 62(c) (discussing injunction pending appeal), as the same standard applies, injunctive relief is denied for the same reasons stated herein for the denial of a stay.

Specifically, to obtain a stay pending appeal under Fed. R. App. P. 8, Plaintiff Hook must show: (1) the likelihood of success on appeal; (2) the threat of irreparable harm if the stay or injunction is not granted; (3) the absence of harm to opposing parties if the stay or injunction is granted; and (4) any risk of harm to the public interest. *Federal Trade Comm'n v. Mainstream Marketing Servs., Inc.*, 345 F.3d 850, 852 (10th Cir. 2003); 10th Cir. R. 8.1. An examination of these factors shows they do not favor a stay for either Plaintiff.[2]

---

[2] In light of this Court's determination that Plaintiff Hook fails to meet these requirements, it need not determine whether any "heightened" standard applies to her requested stay. *Mainstream Marketing Servs., Inc.*, 345 F.3d at 852 (heightened scrutiny applies to "disfavored" preliminary injunctions). The Court also finds the "relaxed standard" does not apply. *Id.* at 852 ("[W]here the moving party has established that the three 'harm' factors tip decidedly in its favor, the 'probability of success' requirement is somewhat relaxed.").

As to a stay requested in favor of Plaintiff Smith, Plaintiff Hook appears *pro se* and does not represent Plaintiff Smith. Moreover, Plaintiff Smith has not appealed this Court's Order dismissing his complaint or denying the other pending motions as moot. As such, he cannot show a likelihood of success on appeal or otherwise meet any of the other requirements. Accordingly, any stay request related to Plaintiff Smith cannot be sustained.

As to Plaintiff Hook, although she addresses the stay factors, she also has not shown that a stay is warranted. First, Plaintiff Hook has not shown a likelihood of success on the merits. Plaintiff Hook's Motion essentially repeats the same arguments, *e.g.*, that Defendant's tax judgments/liens are allegedly "invalid," which were previously raised and which this Court has already considered and rejected. The Court therefore finds it is unlikely Plaintiff Hook will prevail on her appeal. This factor weighs against a stay.

Next, Plaintiff Hook argues she will suffer irreparable harm in the form of "abject poverty" as a result of Defendant's "illegal liens and/or levies." Plaintiff Hook is an attorney, contends her only "current" source of income is her monthly social security benefits, and argues she is over 65 years old and is no longer able to practice law. She has not, however, represented that she cannot earn income other than through the practice of law. Here, the harm alleged is simply economic – a loss of one source of current income – which "usually does not, in and of itself, constitute irreparable harm." *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003). Moreover, even assuming, *arguendo*, this harm is irreparable, the other "harm" factors weigh strongly against a stay.

The other "harm" factors for consideration are the absence of harm to opposing parties and the risk of harm to the public interest.³ In this case, the opposing party is essentially the public at large as the Defendant is the United States seeking to collect taxes and other amounts it asserts is owed to the government. As such, there is a significant public interest in collecting such sums and it is the public interest which will be harmed if the United States is prevented from collecting that which it contends is owed. These factors weigh heavily against a stay. Accordingly, it is therefore **ORDERED** that Plaintiff Hook's Motion (ECF No. 118) is **DENIED**.

DATED this 10ᵗʰ day of February, 2015.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge

---

³ In discussing the risk of harm to the public interest, Plaintiff Hook argues her request is not barred by the Anti-Injunction Act, 26 U.S.C. § 7421. In light of the determination that Plaintiff Hook has not shown that a stay should be granted, the Court need not decide whether the Act would otherwise bar the Motion.